## ADAMS et al. v. ADAMS.
### No. 9503.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 23, 1935.

Rehearing Denied Feb. 13, 1935.

Conger, Low & Spears, of San Antonio, and W. S. Ethridge, of Bandera, for plaintiffs in error.

J. A. Eames, of Bandera, and Marcus W. Davis, of San Antonio, for defendant in error.

MURRAY, Justice.

This suit ultimately resolved itself into a contest between Mrs. Mary Ollie Adams, joined pro forma by her husband, John Adams, who are plaintiffs in error herein, and Mrs. Susie Adams, who is the defendant in error herein, as to which should be entitled to the proceeds from a certain life insurance policy issued, for the sum of $1,000 on the life of Jesse Lee Adams, by the Provident Life & Accident Insurance Company of Chattanooga, Tenn., and dated April 18, 1929.

Mrs. Susie Adams, the wife of Jesse Lee Adams, was named as the original beneficiary in the policy. On November 30, 1932, Jesse Lee Adams executed an application to have his beneficiary changed from Mrs. Susie Adams to Mrs. Mary Ollie Adams, his mother. This application was mailed on December 1, 1932, and was received at the home office of the insurance company on December 5, 1932, about 10 a. m. Jesse Lee Adams died about 1 a. m. on December 5, 1932. The change of beneficiary was indorsed upon the policy by the representatives of the insurance company on December 6, 1932. Thus it appears that the insured executed a proper change of beneficiary and mailed same to the insurance company before his death, that such change of beneficiary was received by the insurance company, and that the change was indorsed on the policy after the death of the insured.

Under the terms of the policy, the insured had the right to change his beneficiary, and the policy contained the following provision as to how a change could be accomplished: "Change of beneficiary: When the right to change the beneficiary has been reserved to the insured, he may, if of legal age, at any time, and from time to time, during the continuance of this Policy, subject to any previous assignment, change any designated beneficiary hereunder, by filing a written request at the Home Office of the Company, accompanied by this Policy, such change to take effect only when endorsed by the Company on this Policy during the insured's lifetime. The insured may declare the designation of any beneficiary to be irrevocable. During the lifetime of any irrevocably designated beneficiary the insured shall not have the right to revoke or change the designation of that beneficiary without the written consent of such beneficiary filed with the Company. The right to change the beneficiary is reserved to the insured and cannot be transferred."

There is no statement of facts in this case, and the above facts are taken from the findings of fact made and filed by the trial judge.

The trial judge further found as follows: "That the assured, Jesse Lee Adams, did not do all he could have done to accomplish a change of beneficiary in said policy of insurance in that he had from the date of said policy, to-wit: April 18th, 1929, up to the date of his death, in which to make said change of beneficiary, and he did not do it, and that on July 31st, 1932, he talked to the witness,

Olliff Adams, about making said change of beneficiary, and talked with him about said change of beneficiary several times thereafter, and up to the date he signed said application for change of beneficiary, to-wit: on November 30th, 1932, and notwithstanding all this, he did not make nor attempt to make said change of beneficiary until about five days prior to his death, to-wit: on or about November 30th, 1932, he then being very sick with consumption or tuberculosis and then unable to talk except in a whisper."

The insurance company paid the sum of $947.18, being the amount due on said policy, into court, and, by an agreed order of the interested parties, was discharged with an allowance of $100 as attorney's fees.

The question here raised is, Was there a valid change of beneficiary by Jesse Lee Adams, the insured?

■ The law is settled in this state that, if the insured did all that he could reasonably have done to perfect a change of beneficiary during his lifetime, then, and in that event, it will be regarded as accomplished, even though the application for such a change arrives at the home office of the insurance company and the change is actually indorsed upon the policy after the death of the insured. Brown v. Union Central Life Ins. Co. (Tex. Civ. App.) 72 S.W.(2d) 661, and authorities there cited.

It is clear that the findings of the trial judge would justify the conclusion that the insured had done all he could reasonably do to perfect a change of beneficiary, unless an apparent finding by the tial judge to the contrary should be regarded as precluding such a holding.

We conclude that the finding by the trial judge to the effect that the insured had not done all he could reasonably have done, because he had from the time the policy was issued up to the time of his death to accomplish this change, is a general conclusion in conflict with the specific findings to the effect that insured had executed a proper change of beneficiary and mailed it to the insurance company's home office several days before his death. It is plain that the general conclusion of the trial judge is based upon an erroneous conception of what is required, under a policy of this nature, of an insured who desires to change his beneficiary. The insured had done all that was required of him. The company had only the ministerial duty to indorse such change upon the policy then in its possession. It

is true that the policy provided that the change was not effective until indorsed on the policy, but this provision is inserted in the policy for the protection of the insurance company, and it alone can raise this objection. The company saw fit to regard the change of beneficiary as accomplished and to indorse same upon the policy. Defendant in error, as the first beneficiary, had no vested interest in this policy, and cannot insist upon the company not waiving a provision in the policy. Splawn v. Chew, 60 Tex. 532.

Under the findings of the court, insured had done all he could reasonably do to accomplish a change of beneficiary. The insurance company indorsed such change upon the policy, thus completing the change in every respect. It is true this indorsement took place after the death of the insured, but this fact is immaterial.

The trial court erred in finding for defendant in error, but, on the contrary, should have found for plaintiff in error. Accordingly, the judgment below will be reversed and judgment here rendered in favor of Mrs. Mary Ollie Adams in the sum of $847.18, less the costs of the court below. The cost of this appeal is taxed against defendant in error.

Reversed and rendered.