**KELLEY et al. v. McDONALD.**

No. 4723.

Court of Civil Appeals of Texas. Texarkana.

May 18, 1935.

Rehearing Denied May 30, 1935.

Sam Williams and J. A. Ward, both of Mt. Pleasant, for appellants.

Weeks, Hankerson & Potter, of Tyler, for appellee.

HALL, Justice.

Appellee, Odessa Gaddis McDonald, instituted this suit against the United Fidelity Life Insurance Company and Mrs. Willie Kelley and husband, George O. Kelley, appellants, alleging that said insurance company on May 21, 1931, issued and delivered to Charles H. McDonald, Jr., its policy of insurance in the sum of $1,-500, naming appellee, who was Charles H. McDonald, Jr.'s wife, as beneficiary. Appellee alleged, further, that appellants were asserting a claim to the proceeds of said insurance policy.

Appellants answered by general demurrer and general denial, and alleged that the beneficiary in said insurance policy had been changed by request in writing executed by Charles H. McDonald, Jr., on May 24, 1933, addressed to the insurance company at its office in Dallas, Tex.; and by him placed · in the United States mail; that appellant, Mrs. Willie Kelley, was named as the new beneficiary; that the insurance company had failed and refused to make the change of beneficiary.

Appellee by supplemental petition denied the allegations in appellants' answer.

The United Fidelity Life Insurance Company filed its answer admitting liability, and prayed that it be allowed to pay the amount named in the policy into the registry of the court and be discharged with its costs. This request was allowed, and the insurance company paid to the clerk of the court the face value of the policy, less certain admitted deductions.

From the agreed statement of facts in this case, it appears that Charles H. McDonald, Jr., and Odessa Gaddis McDonald were husband and wife on the date of Charles H. McDonald, Jr.'s death. They had become estranged on May 8, 1933, appellee leaving the Jefferson Hotel at Mount Pleasant, Tex., where she and her husband resided, and had gone to the home of her father, who also resided at Mount Pleasant. Charles H. McDonald, Jr., being a clerk at the hotel, continued to reside there until the date of his death.

On May 24, 1933, he filed suit for divorce against appellee, and on the same day in his own handwriting executed two instruments, one of which was as follows:

"I am returning my policy to you and will you please change the beneficiary to Mrs. George O. Kelley, my Aunt, address care McDonald Brothers, C. D., C. H., T. B., or D. L. McDonald, this City,

"Very truly yours,

"Chas. McDonald, Jr."

This instrument was addressed to the United Fidelity Life Insurance Company at Dallas, was placed in an envelope together with the insurance policy, and was properly stamped. The envelope was then placed in a receptacle or drawer used to receive mail for patrons of the hotel and persons living at the hotel. This drawer or receptacle was maintained by the hotel and not by the United States government postal authorities. The postal authorities did not gather the mail from it. The letter copied above was found

twelve days after the death of Charles H. McDonald, Jr., by Alfred Smith, another clerk in the hotel, and C. D. McDonald, in the same hotel drawer where it had been placed by Charles H. McDonald, Jr., or by Alfred Smith, under a telephone directory, and was by C. D. McDonald, together with a letter written by him, mailed to the insurance company at Dallas, Tex. It was received by the insurance company the next day, which was June 13, 1933. The insurance company did not change the beneficiary in the policy.

The other instrument executed by Charles H. McDonald, Jr., was as follows:

"Jefferson Hotel, Mt. Pleasant, Tex.,
"May 24, 1933.
"To Whom it May Concern:
"I hereby this day will everything I have including insurance policies and stocks that I have in my name to my Aunt, Mrs. George O. Kelley.
"Chas. McDonald.
"Witness:     Alfred Smith
"M. E. Few."

The insurance policy provided with reference to change of beneficiary that: "At any time while this policy is in force, the insured, subject to the rights and interest, if any, outstanding in any assignee of this policy, of which the company has been given notice as elsewhere herein provided, may change the beneficiary herein and designate a new beneficiary by formal instrument duly witnessed and acknowledged and lodged with the Company at its home office. Such change shall take effect and all interest of the former beneficiary shall cease when the change of beneficiary has been endorsed on the policy by the company and not before."

On May 30, 1933, Charles H. McDonald, Jr., shot himself, from which act he died the next day.

A trial was had to the court without a jury on an agreed statement of facts, and the court rendered judgment for appellee, from which appellants prosecute this appeal.

■ The only issue in this case is: Was the act of writing the letter to the insurance company dated May 24, 1933, inclosing the insurance policy, requesting the change of beneficiary, addressing and stamping same, and placing same in the drawer or receptacle at the hotel, all that was necessary on the part of Charles H. McDonald, Jr., to effect a change of beneficiary in the policy? We are of the opinion that it did not. The evidence shows that the post office was a short distance from the hotel, and by placing the letter in the post office on the day it was written he would in all probability have effected the change, and the policy would have been returned to him with the change indorsed thereon before his tragic death. How the letter got under the telephone directory no one seems to know. Both Charles H. McDonald, Jr., and Alfred Smith had access to this drawer where letters were deposited for the purpose of being mailed. Certainly Smith could have had no motive for placing the letter under the directory where it was found twelve days after McDonald's death. So far as the record discloses, Charles H. McDonald, Jr., made no inquiry of the insurance company as to why he had not received his insurance policy with the change noted thereon. Six days elapsed between the date he placed the letter in the drawer and the date of his death. We think it was incumbent on the insured to do everything reasonably within his power to effect the change of beneficiary. This he did not do. Mere intention on his part as reflected by his letter undelivered to the insurance company, and his will written the same day would not, in our judgment, be sufficient. No one knows why he permitted this letter to rest in this hotel drawer for six days without being mailed. No one knows but that he purposely placed it under the telephone directory hoping for a reconciliation with his wife. Certainly he did not do everything reasonably within his power to effect a change of beneficiary in this insurance policy. Wright v. Wright (Tex. Civ. App.) 44 S.W.(2d) 1019, 1021, writ refused; Flowers v. Sovereign Camp, W. O. W., 40 Tex. Civ. App. 593, 90 S. W. 526; Brown v. Union Central Life Ins. Co. (Tex. Civ. App.) 72 S.W.(2d) 661, and authorities there cited; Ancient Order of Gleaners v. Bury, 165 Mich. 1, 130 N. W. 191, 34 L. R. A. (N. S.) 277; Fink v. Fink, 171 N. Y. 616, 64 N. E. 506; 37 C. J., § 350, p. 584.

■ The proposition is made by appellants that the insurance company, by filing its answer in the district court, tendering the amount of money due on said policy and requesting that it be discharged with its cost, waived the provisions of the pol-

icy relating to the manner and form of changing beneficiary. With this contention we cannot agree. By depositing the money due on said policy into the registry of the court the insurance company did nothing more than any well-regulated corporation would have done under the same circumstances. It waived none of its legal rights, because, under the terms of the policy, it owed the money due on same to some person, and it was nothing but good business on its part to permit the court to designate the proper person to receive it. It is true the insurance company could have waived, if it desired, any provision of the insurance contract beneficial to it, "but," as said in the case of Wright v. Wright, supra, "it was not within its powers to in any manner prejudice the rights of the respective claimants to the funds in controversy arising from the terms of the policy." This, in our opinion, is a sound rule. There was nothing the insurance company could do after the death of Charles H. McDonald, Jr., that would embarrass in the least either of the claimants to the proceeds of this policy of insurance. On the death of McDonald the rights of the parties to this litigation were fixed.

Therefore, it is our opinion that the trial court correctly entered judgment for the proceeds of this insurance policy in favor of appellee.

The judgment of the trial court is affirmed.