EMILIE I. TIPS V. SECURITY LIFE & ACCIDENT COMPANY.
EMILIE I. TIPS V. FRANKLIN LIFE INSURANCE COMPANY.

No. A-632. Decided December 29, 1945.
Rehearing overruled January 23, 1946.
(191 S. W., 2d Series, 470.)

*S. D. Hopkins,* of San Antonio, for petitioner.

It was error for the Court of Civil Appeals to hold that under policy contract for change of beneficiary the request made and signed by the insured and filed with the insurer after the death of the insured, was insufficient to perfect the change of beneficiary. Splawn v. Chew, 60 Texas 532; Price v. Knights of Honor, 68 Texas 361; Berdoll v. Berdoll, 145 S. W. (2d) 227.

*W. F. Nowlin, Brewer, Matthews, Nowlin & MacFarlane,* for Margaret Chambers Tips, *Marion Olson,* for Security Life and Accident Co., *Harry J. Polk,* for Franklin Life Ins. Co., all of San Antonio, respondents.

The request for a change of the beneficiary, signed by the deceased some four years prior to his death, on a form prescribed by the insurance company, but kept and retained by him in his personal file with the policies of insurance until his death, where it was found by his administrator, is not effective as a change of beneficiary under the insurance policy contract which requires that in order for a change to be effective it must be in writing and filed with the company. Kelley v. McDonald, 83 S. W. (2d) 414; Wright v. Wright, 44 S. W. (2d) 1019; Johnson v. Johnson, 139 Fed. (2d) 930.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

Two interpleader suits, in which the proceeds of two life insurance policies are in controversy, were consolidated in the Court of Civil Appeals, the material facts and the questions of law in the cases being the same. The claimants are respondent Mrs. Margaret Tips, who was divorced from the insured, Frederick J. Tips, several years before his death, and is shown by the two policies to be the beneficiary, and petitioner, Mrs. Emilie I. Tips, the insured's mother, who claims the proceeds of the two policies under instruments executed by the insured requesting change of beneficiary. The administrator of the insured's estate was also made a party to the suits.

The trial court awarded the proceeds of the policies to respondent Mrs. Margaret Tips. On appeal by Mrs. Emilie I. Tips, the mother, the Court of Civil Appeals held that changes of the beneficiary in the policies were not effected and that Mrs. Margaret Tips had an insurable interest in her former husband's life at the time of his death, and affirmed the trial court's judgments. 188 S. W. (2d) 219.

The facts are undisputed. One of the policies, in giving the insured the right to change the beneficiary, provides that "notice of change of beneficiary shall be in writing * * * and must be filed with the Company at its Home Office" and that "change shall not be effective until duly approved by the Company, whereupon it shall relate back to and take effect as of the date of the notice of the change." The other policy provides that "the Insured may change any designated Beneficiary at any time during the continuance of this Policy * * * by filing with the Company a written request accompanied by this Policy, such change to take effect upon the endorsement of the same on the Policy by the Company, whereupon all interest of the former beneficiary shall cease."

The insured, Frederick J. Tips, and respondent, Mrs. Margaret Tips, were married December 16, 1916, and were divorced July 8, 1940. The policy of insurance issued by respondent Franklin Life Insurance Company in 1914 named petitioner Mrs. Emilie I. Tips, the insured's mother, as beneficiary. In 1917 the beneficiary in that policy was changed to Mrs. Margaret Tips, in 1924 was changed to the insured's estate, and in 1930 to Mrs. Margaret Tips. Each of these changes was duly endorsed on the policy. No further change, or attempted change, of beneficiary was received by the insured during the lifetime of the insured. The other policy, that issued June 5, 1930, and assumed by respondent Security Life & Accident Company, named Mrs. Margaret Tips as beneficiary. The insured did not during his lifetime, give to the insurer any notice of a change of beneficiary under that policy.

The brother of the insured testified that in going through the effects of his brother after his death he found the two policies and folded in each policy an instrument signed by his deceased brother directed to the insurer and requesting that it change the beneficiary to his mother, Mrs. Emilie I. Tips. He testified further that he found correspondence showing that while the divorce proceedings were pending his brother wrote the insurance companies for forms for changing the beneficiary,

and that the forms were sent to him. The two instruments, one dated April 22, 1940, and the other June 13, 1940, were offered and admitted in evidence. They are regular in form and duly executed by the insured, and request and direct the insurer to change the beneficiary to petitioner, Mrs. Emilie I. Tips. The insured died March 18, 1944. His brother testified that at the request of Mrs. Emilie I. Tips he forwarded these instruments to the insurance companies after the insured's death, and that he knew that his deceased brother did not send them in during his lifetime.

The affirmance of the trial court's judgment by the Court of Civil Appeals rests upon its conclusion that the insured failed to do all that he reasonably could have done to perfect a change of beneficiary, in that, although he procured from the insurers forms for making the change and duly executed them, he did not deliver the instruments to the insurance companies. The policies provide in substance that the insured may change the beneficiary at any time and that the notice of change must be in writing and filed with the company. There is the further provision in one policy that the change will not be effective until approved by the company, and in the other policy that the change takes effect when it is endorsed on the policy by the company.

In attacking the conclusion expressed by the Court of Civil Appeals petitioner argues that since the policies give the insured the right to change the beneficiary at any time and contain no requirement that the insured be alive at the time when the manual change is made, it is immaterial that the requests or notices were not filed until after the insured's death. She relies upon Price v. Supreme Home of Ancient Order of Pilgrims, (Com. App.) 285 S. W. 310, Garabrant v. Burns, 130 Texas 518, 111 S. W. (2d) 1100, and Adams v. Adams, 78 S. W. (2d) 664. The argument disregards the undisputed fact, of controlling importance in this case, that the insured neither filed nor attempted to file with the companies the notices of change of beneficiary.

Each of the cases above cited approves the general rule that when the terms of the policies of insurance, or the constitution or bylaws of the fraternal insurance association, define the method by which the insured may change the beneficiary, a change is not accomplished unless the insured has substantially complied with the method designated, or to use the language of Adams v. Adams, 78 S. W. (2d) 664, unless he has done all that he could reasonably have done to perfect a change.

The method designated in the policies in the instant case is

by *filing with the company* the written notice or request. There was no compliance, not even an attempted compliance, with that prescribed method. The insured executed the notices or requests but he did not file them with the company. He did not mail them. He did not even direct anyone to mail them. He kept them in his possession until he died nearly four years after he executed them. It was held in Price v. Supreme Home, etc. (Com. App.) 285 S. W. 310, and in Adams v. Adams, 78 S. W. (2d) 664, that the change of beneficiary was accomplished because the insured executed a proper notice or request for change of beneficiary and mailed it or caused it to be forwarded to the company or society. In those cases the fact that the notice or request was received by the company or the society after the insured's death became immaterial because the insured had substantially complied with the method prescribed by the policy, or by the constitution or bylaws, for making the change. In Garabrant v. Burns, 130 Texas 518, 111 S. W. (2d) 1100, it was held that the change was not accomplished because "there was never any substantial compliance with the method designated for making request for change of beneficiary."

The fact in Reid v. Durboraw (4th Circuit) 272 Fed. 99, bring that decision very directly in point. The policy provided for change of benficiary by written request filed with the company. The insured on September 23, 1918, duly executed a formal request for change but kept it in his possession until his death on November 3, 1918, without having made any effort to send it forward to the company. It was held that no reasonable effort had been made to exercise the power of changing the beneficiary in the method contracted for, and that the original appointment of beneficiary must stand.

In Equitable Life Assurance Society v. Kit, (U.S.D.C.) 29 Fed. Supp. 260, the court held that where the policy requires that a notice of change of beneficiary reach the insurer "the insured must at least start a communication of his intention moving in that direction."

Other authorities support the decision of the Court of Civil Appeals that a change of beneficiary was not effected. Kelley v. McDonald, 83 S. W. (2d) 414; Wright v. Wright, 44 S. W. (2d) 1019; Johnson v. Johnson, (5th Circuit) 139 Fed. (2d) 930, 151 A. L. R. 268; 29 Am. Jur. p. 950, Sec. 1274, pp. 984-985, Sec. 1315; Cooley's Briefs on Insurance, (Second Edition) Vol. 7, pp. 6438-6452; Appleman's Insurance Law and Practice, Vol. 2, pp. 363-368, Sec. 943, pp. 380-381, Sec. 962, pp. 391-394, Sec. 981.

After careful consideration of the undisputed facts and the authorities, we are thoroughly convinced that the Court of Civil Appeals correctly decided this question.

Both the district court and the Court of Civil Appeals held that respondent Mrs. Margaret Tips, although she had been divorced from the insured, had an insurable interest in his life at the time of his death. In so holding, the Court of Civil Appeals said:

"The evidence discloses that three children were born to the marriage of Margaret Chambers Tips and Frederick Julius Tips. The father was under a continuing moral and legal duty to support these children, although their custody was awarded to the mother by the divorce decree."

The question of insurable interest, which is a separate and distinct question of law from that as to change of beneficiary, is not before this Court for decision. It is not raised in the application for writ of error. Rule 476, Texas Rules of Civil Procedure.

The judgments of the district court and the Court of Civil Appeals in both cases are affirmed.

Opinion delivered December 29, 1945.

Rehearing overruled January 23, 1946.