## GHOLSON v. METROPOLITAN LIFE INS. CO. et al.

### Civ. A. No. 2492.

United States District Court
W. D. Louisiana, Shreveport Division.
Sept. 28, 1950.

---

6. 109 F.2d 500, 506.

7. See footnote 5.

Mat Davis, Gilmer, Tex., Booth, Lockard & Jack, Shreveport, La., for plaintiff.

Chas. L. Mayer, Jackson & Mayer, Shreveport, La., for Metropolitan Life Ins. Co.

Dixon Carroll, Shreveport, La., for Magnolia Petroleum Co.

Thomas H. Howard, Dallas, Tex., for Mrs. J. H. Wilmoth.

Morgan, Baker & Skeels, Shreveport, La., White & Yarborough, Dallas, Tex., for Mrs. Ethel Wilmoth Roper.

Robert W. Dean, Navasota, Tex., Browne, Browne & Bodenheimer, Shreveport, La., for Mrs. Margaret Elaine Wilmoth.

DAWKINS, Chief Judge.

This is a controversy over the proceeds of a benefit certificate issued to John R. Wilmoth, now deceased, on the first day of January, 1940, under a group insurance policy covering employees of the Standard Oil Company of New York and its subsidiaries.

The insured was twice married. The first wife was originally named as beneficiary in 1940, but during the pendency of divorce proceedings which terminated in 1941, it was changed to his sister, Mrs. Ethel Wilmoth Roper, in whose name it stood at his death on September 3, 1947, when he was killed in an automobile accident, although he married a second time in 1945.

The original complaint here was filed by the first wife against defendant Metropolitan Life Insurance Company (called Metropolitan herein), but she has now abandoned her claim to the proceeds of the policy. Metropolitan filed an answer and counterclaim in the nature of interpleader, alleging that in addition to this action by the plaintiff individually and as tutrix (guardian) for the two minor children of the first marriage, the beneficiary of the policy, Mrs. Ethel Wilmoth Roper, a sister; Mrs. Margaret Elaine Wilmoth, the second wife, individually and as administratrix of the estate of the deceased; and Mrs. J. H. Wilmoth, mother of the deceased and grandmother of all three children, as guardian "of the persons and estates of Robert Wayne Wilmoth and Marvin Earl Wilmoth," minor children of the first marriage, had filed suits or were making claims to the proceeds of the policy. Metropolitan made deposit of the amount admitted to be due by all parties of $14,376.26 and prayed for service and citation upon the several claimants in order that they might litigate

their rights thereto and that it "be discharged from all further liability."

■ The first question in the case is as to what law governs. The deceased was living and employed in Texas both when the certificate was issued and when he died. It seems clear, and does not appear to be contested, that the case is controlled by the law of Texas. City of Shreveport v. New York Life Insurance Co., 141 La. 360, 75 So. 80; Metropolitan Life Insurance Co. v. Worton, Tex.Civ.App., 70 S.W.2d 216; Metropolitan Life Insurance Co. v. Haack, D.C., 50 F.Supp. 55; Landry v. Mutual Life Insurance Co. of New York, D.C., 54 F.Supp. 356. See, also, Vol. 44, Corpus Juris Secundum, Insurance, § 53, page 515.

The real issue is as to whether the grandmother, as guardian of the children of the first wife, and the second wife, mother of the third child and administratrix of the estate of the deceased, have made a case entitling them to prevail over the named beneficiary. The circumstances relied upon to defeat the claim of the beneficiary are as follows: In negotiations seeking to settle the matter between the several claimants prior to suit, Mrs. Roper stated in a letter which she personally signed that her brother had, during his lifetime, expressed the desire that his children receive the proceeds of the policy. These efforts having failed, as a witness at the trial, she denied any such request and now insists that she recover the entire sum as beneficiary.

■■ Admittedly, nothing was ever done by the insured before his death to change the beneficiary, nor did he leave a will or other writing indicating such a purpose. No question is raised as to the right of the insured to name his sister as beneficiary, but simply the contention is made that he had in some manner indicated a desire that its proceeds go to his children. No pertinent authority has been cited to support this contention where the facts were at all similar. On the other hand, the law seems clear to the point that the beneficiary of a life insurance policy is entitled to its proceeds. Beck v. Beck, Tex.Civ.App., 90 S. W.2d 284, and cases cited therein; Great

Southern Life Insurance Co. v. Hukill, Tex.Civ.App., 151 S.W.2d 603; Tipps v. Security Life & Accident Co., 144 Tex. 461, 191 S.W.2d 470. However, in a few instances where the deceased had done all in his power to make a change and that purpose was defeated by circumstances otherwise over which he had no control, the courts have undertaken to respect his intention. See Price v. Supreme Home of Ancient Order of Pilgrims, Tex.Com.App., 285 S.W. 310. However, in one of the more recent cases it was held: "We think it was incumbent on the insured to do everything reasonably within his power to effect the change of beneficiary. This he did not do. Mere intention on his part as reflected by his letter undelivered to the insurance company, and his will written the same day would not, in our judgment, be sufficient. * * * Certainly he did not do everything reasonably within his power to effect a change of beneficiary in this insurance policy." Kelley v. McDonald, Tex.Civ.App., 83 S.W.2d 414, 415.

■ In the course of a pre-trial conference, the court intimated, having in mind perhaps some decisions of the Louisiana courts, that the lawful heirs of the husband, and perhaps the first and second wives, might have some claims arising from the facts that the communities had paid the premiums. However, this matter has been settled to the contrary by the Supreme Court of Texas in 1946. Volunteer State Life Insurance Co. v. Hardin, 145 Tex. 245, 197 S.W.2d 105.

The distinction seems to be made in that the beneficiary has no concern in the adjustment of claims and counterclaims arising in a settlement of the community in the courts of probate, but that those issues are solely between the heirs and persons entitled to participate in the estate of the deceased, as distinguished from policies of insurance in which he had expressly named a beneficiary.

For the reasons stated, the court is of the view that the beneficiary of the policy at the death of the insured should recover the full amount of its proceeds.