**KOTCH v. KOTCH.**

No. 15328.

Court of Civil Appeals of Texas. Fort Worth.

March 21, 1952.

Rehearing Denied April 18, 1952.

Peter P. Cheswick, of Houston, for appellant.

P. F. Graves, Jr., of Houston, for appellee.

EARL P. HALL, Chief Justice.

Appellant Joe Kotch is the son of Bruno Adam Kotch, deceased. Appellee Frances V. Kotch is the surviving wife of said Bruno Kotch, but is not the mother of appellant.

This appeal is from a judgment of a district court of Harris County, granting appellee proceeds of a certificate issued to said deceased under a group life insurance policy by his employer, Southern Pacific Railroad Company.

Appellant, as plaintiff, alleged he was entitled to the proceeds of the certificate in question because his father, on or about fourteen days before his death, to-wit: 27th day of December, 1948, changed the beneficiary from appellee to appellant, according to terms of the insurance contract.

The insurer, Metropolitan Life Insurance Company, after having received conflicting written requests from both parties for payment of $1200, face value of the certificate, filed its plea of intervention and tendered into court the $1200, to be distributed in accordance with the judgment of said court, and prayed for a reasonable attorney's fee, which the court set at $100.

Appellant's point five is as follows: "The trial Court erroneously Concluded as matter of Law that there was not sufficient compliance by the deceased with respect to change of beneficiary, there being proof—and only proof—that the deceased did all that he could or was obligated to do with respect to change of beneficiary. Conclusion of Law No. 1 is erroneous and is not justified under the facts in this cause."

Undisputed facts relate that the deceased Bruno Adam Kotch, on or about December 13, 1948, executed an application, addressed to his employer, requesting his beneficiary named in the certificate to be changed by substituting appellant's name in lieu of appellee's. This application was

made on a form prepared and supplied by Metropolitan Life Insurance Company. In the left hand margin thereon it reads: "Please send the certificate with this form."

On December 13, 1948, he executed another form, prepared by the insurer, requesting a duplicate certificate to be issued to him, reciting therein that he had lost or misplaced the original, and sent the same to his employer. It is undisputed that both of these applications were delivered to his employer on the 14th day of December, 1948, but were not acted upon prior to his death on December 27, 1948, either by his employer or the insurer.

A portion of section 9 of the group policy pertaining to change of beneficiary is as follows: "Any Employe insured hereunder may, from time to time, change the Beneficiary by filing written notice thereof with the Employer accompanied by the Certificate and Certificate Riders—if any—of such Employee. Such change shall take effect upon endorsement thereof by the Employer on such Certificate and Certificate Riders—if any—and unless the Certificate and all Certificate Riders—if any—are so endorsed, the change shall not take effect. After such endorsement, the change shall relate back and take effect as of the date the Employee signed said written notice of change, whether or not the Employee be living at the time of such endorsement, * * *"

■ This provision setting out the method for changing beneficiaries is evidently incorporated in the insurance contract for the benefit of the insurance company and the insured.

It has been held that a former named beneficiary, having no vested right in the policy, not being a party to the contract, will not be heard to contend that a subsequent change in the beneficiary was made inconsistent with the provisions contained in the insurance contract, where there is a substantial compliance with its requirements pertaining to such change. The strict performance of such provision may be waived by the insurance company. In this case the Company has made no objection to the way and manner the insured undertook to change the beneficiary, but by depositing the money into court, it has waived any such rights or questions.

■ The law is well settled in this state that where it is shown the insured has substantially complied with requirements pertaining to a change of beneficiary and has done all that could reasonably be expected of him to do in order to perfect such change, then the change will be regarded as accomplished. Adams v. Adams, Tex.Civ. App., 78 S.W.2d 664, error dismissed; Tips v. Security Life and Accident Co. and Franklin Life Insurance Co., 144 Tex. 461, 191 S.W.2d 470; Wyatt v. Wyatt, Tex.Civ. App., 63 S.W.2d 268, writ dismissed; Richardson v. Faithful, Tex.Civ.App., 289 S.W. 1054.

It is undisputed that prior to his death the decedent was living with appellee in San Antonio, that they were both in very poor health. It became necessary for appellant to bring his father into his home at Houston in order to properly care for him. Appellee went to Florida to secure rest, help and care from her family. This separation occurred some three or four months before decedent's death. They did not see each other thereafter.

■■ The record does not disclose the distance from Houston to San Antonio but this court will take judicial knowledge that San Antonio is the county seat of Bexar County and Houston is the county seat of Harris County. It is undisputed that the insured Bruno Adam Kotch, deceased, suffered from cancer of the throat for approximately one year preceding his death and could be nourished only through tubes inserted in his throat. From reading the record, it is readily ascertained that he was physically unable to make a trip from Houston to San Antonio to search for his certificate. While there is some testimony in the case indicating the certificate in question was in a trunk located in his home at San Antonio, yet there is no direct proof that at the time the insured executed these applications he knew of its exact location. He had contacted his wife several days prior to the time he executed these instruments, asking that his trunk be sent to him, which was not done.

For reasons known to the decedent, which were undertaken to be disclosed by appellant and contradicted by appellee, he executed the above applications. His authority or ability to so change his beneficiary is not under dispute here. We find that decedent Bruno Adam Kotch did all he could do in order to name a new beneficiary.

Appellant's point ten is to the effect that the trial court erred in allowing the Metropolitan Life Insurance Company $100 as attorney's fee. We find the trial court did not err in granting such fee in the face of appellant's agreement made in the trial court to the effect that such amount should be allowed.

The judgment below will be reversed and judgment here rendered in favor of appellant Joe Kotch in the sum of $1100; in all other respects it should be affirmed. The cost of this appeal is taxed against appellee.