**Carmen V. SYLVA, Appellant,**

v.

**Lorraine Leleihua SYLVA, Appellee.**

**No. 5934.**

Court of Civil Appeals of Texas.

El Paso.

March 13, 1968.

Rehearing Denied April 3, 1968.

Jack Brewster, El Paso, for appellant.

Edwards, Belk, Hunter & Kerr and Berry H. Edwards, El Paso, for appellee.

## OPINION

CLAYTON, Justice.

This is a suit for the proceeds of an insurance policy brought by Carmen V. Sylva, Plaintiff (appellant here) against Lorraine Leleihua Sylva, Defendant (appellee here) and the Massachusetts Mutual Life Insurance Company. Carmen V. Sylva will hereafter be referred to as "Carmen", Lorraine Leleihua Sylva as "Lorraine" and Massachusetts Mutual Life Insurance Company as "the Company". At the time the policy was issued by the Company in March, 1964, Lorraine was married to the insured, Norman Anthony Sylva, hereafter referred to as "Sylva" and was made the beneficiary in the $15,000.00 policy. However, in September, 1964, Sylva separated from Lorraine and in December, 1964 filed suit for divorce from her. In March, 1965 he was granted the divorce from Lorraine. Thereafter, on March 31, 1965 Sylva married Carmen in New Mexico and they lived together as husband and wife until his death in February, 1966.

On October 19, 1965 Sylva wrote in his own handwriting an instrument as follows:

"19 Oct 65

"This is to certify that I Norman A. Sylva want my wife Carmen Sylva to receive my worldly goods if anything should happen to me—by this I mean my death. I am talking about by Life Insurance although its in my first wife's name Lorraine—which I don't want to receive any property or goods from me.

I made a will last year September which I claim to be null and void. I am in my sane mind and am writing this off my own free will.

/s/ Norman A. Sylva

"Witness ----------------------
"Witness ----------------------"

Sylva then delivered this instrument and the insurance policy to Carmen, but the instrument was not transmitted to the Company and the Company had no notice of it until a copy of it was included in a letter written in March, 1966 by the attorney for Carmen to the Company, which letter also made claim for the proceeds of the policy. The Company did not forward the proceeds, but after suit was filed, the Company filed its answer and interpleader in which it acknowledged liability under the policy but stated it had been subjected to conflicting claims which it could not resolve, and as an innocent stakeholder with no interest in the payment or distribution of the policy's proceeds, deposited the same into the registry of the court and was dismissed from the lawsuit.

Sylva also executed a will in January, 1966, leaving his property to his wife, Carmen, if she survived him, and otherwise to his children.

The parties litigant herein entered into stipulations which embodied most of the above facts. Lorraine then filed her Motion for Summary Judgment stating that the stipulations show that there is no genuine issue as to any material fact and that she is entitled to the proceeds of the policy as a matter of law. Carmen filed her affidavit in opposition to the motion for summary judgment and her attorney also filed an affidavit setting out his connection with the instrument of October 19, 1965, which purportedly changed beneficiaries in the insurance policy. Lorraine's lawyer then filed her Exceptions and Motion to Strike "all portions of such [Carmen's] affidavit wherein the plaintiff Carmen V. Sylva, claims that Norman Anthony Sylva said

and did various things in her presence, because all of such testimony is incompetent for two reasons: 1) All such testimony is hearsay. 2) All such testimony is in violation of the Texas Deadman's Statute, Article 3716." These exceptions and motion to strike apparently were not passed on by the court and, in view of our disposition of this cause, need not be discussed.

The trial court then granted defendant's motion for summary judgment holding that the pleadings and stipulations showed an absence of genuine issue of any material fact and awarding her the proceeds of the policy deposited into court. Carmen then filed this appeal.

Appellant presents five points of error. The first four points are grouped together by appellant and are: The trial court erred in granting defendant's motion for summary judgment because:

1. There were genuine issues as to material facts and defendant failed to demonstrate she was entitled to judgment as a matter of law.

2. There was a genuine issue as to the intention of Sylva when he executed the instrument of October 19, 1965 and delivered possession of it and the insurance policy to Carmen, this being as to a material fact.

3. There was a genuine issue as to whether Sylva and Carmen were misled by an agent of the insurance company, this being a material fact. (This is the matter referred to in the "Exceptions and Motion to Strike" which will not be discussed here).

4. Such facts as are not disputed conclusively show defendant not entitled to judgment as a matter of law.

The policy of insurance involved contains the following provision:

"CHANGE OF BENEFICIARY *During the lifetime of the insured* * * * the owner may change the beneficiary from time to time. Any request for change of beneficiary * * * must be written

and satisfactory to the Company. No change of beneficiary will take effect until such request is received at the Home Office. When such request is received, the change will relate back to and take effect as of the date the request was signed, whether or not the insured is living when the request for change is received; * * *." (Emphasis supplied.)

The 1945 Supreme Court case of Tips v. Security Life & Accident Co., 144 Tex. 461, 191 S.W.2d 470, 471, 472, under circumstances similar to the case at hand, has the following to say:

"The affirmance of the trial court's judgment by the Court of Civil Appeals rests upon its conclusion that the insured failed to do all that he reasonably could have done to perfect a change of beneficiary, in that, although he procured from the insurers forms for making the change and duly executed them, he did not deliver the instruments to the insurance companies. The policies provide in substance that the insured may change the beneficiary at any time and that the notice of change must be in writing and filed with the company. * * *" (Discussing cases).

"Each of the cases above cited approves the general rule that when the terms of the policy of insurance, or the constitution or bylaws of the fraternal insurance association, define the method by which the insured may change the beneficiary, a change is not accomplished unless the insured has substantially complied with the method designated, or to use the language of Adams v. Adams, Tex.Civ.App., 78 S.W.2d 664, unless he has done all that he could reasonably have done to perfect a change.

"The method designated in the policies in the instant case is by filing with the company the written notice or request. There was no compliance, not even an attempted compliance, with that prescribed method. The insured executed the notices or requests but he did not file them with the company. He did not mail them. He did not even direct anyone to mail them. * * *

"After careful consideration of the undisputed facts and the authorities, we are thoroughly convinced that the Court of Civil Appeals correctly decided this question."

In the case before us, neither the instrument of October 19, 1965 nor any other purported change of beneficiary has been forwarded to the Company. We hold that in the case before us Sylva had not done all he reasonably could have done to change the beneficiary. The 1953 case of Creighton v. Barnes, 152 Tex. 309, 257 S.W.2d 101, 103, passed on by the Texas Supreme Court, states:

"We recently decided the case of Kotch v. Kotch, 151 Tex. 471, 251 S.W.2d 520, 523 (1952), where we discussed the law applicable to a change of beneficiary and what was necessary to be done by the insured to effect a change. In that case we held '* * * Wright v. Wright, Tex. Civ.App., 44 S.W.2d 1019 and, more importantly, Garabrant v. Burns, 130 Tex. 518, 111 S.W.2d 1100, both of which are apparently approved in the Tips cases, Tips v. Security Life & Accident Co. (and Tips v. Franklin Life Insurance Co.), 144 Tex. 461, 191 S.W.2d 470 undoubtedly do hold in effect that the restrictions are also for the benefit of the last beneficiary named as such in the certificate or policy itself as against a party claiming that such designation was changed in his favor, while from this premise they proceed to the rule that, as between such opposing claimants, and even though the insurer takes no position on the restrictions, the purported change will be given effect only if the insured has "substantially complied" with them, or "done all he reasonably could have done" in that behalf.' That this is now the well-settled rule in Texas is established by the Kotch case, as well as the follow-

ing cases: Kelley v. McDonald, Tex.Civ. App., 83 S.W.2d 414, writ dismissed; Johnson v. Johnson, 5 Cir., 139 F.2d 930, 151 A.L.R. 268; Beck v. Beck, Tex.Civ. App., 90 S.W.2d 284, no writ history; Great Southern Life Ins. Co. v. Hukill, Tex.Civ.App., 151 S.W.2d 603(1), writ dismissed, correct judgment."

Although the question of waiver of the change of beneficiary requirements on the part of the insurer does not specifically arise in the instant case, we deem it well to quote Creighton v. Barnes further, as follows:

"Respondent contends that since the Insurance Company did not refuse to recognize her right to receive the proceeds of the policies and paid these proceeds into the registry of the court to be paid to whomsoever the court determined is entitled to the same, the Company has waived the right to require compliance with the policy provisions as to making a change. Garabrant v. Burns and the Kotch cases, supra, discuss the cases relied upon by the respondent to sustain her position, and hold they are not applicable to a situation such as we have before us. The Court of Civil Appeals in Kelley v. McDonald, supra, 83 S.W.2d 416, has very effectively answered respondent's contention by saying:

"'By depositing the money due on said policy into the registry of the court the insurance company did nothing more than any well-regulated corporation would have done under the same circumstances. It waived none of its legal rights, because, under the terms of the policy, it owed the money due on same to some person, and it was nothing but good business on its part to permit the court to designate the proper person to receive it.'"

Carmen alleges in her first amended original petition, in the alternative, that the instrument of October 19, 1965, and the delivery of the policy to her constituted an absolute assignment of the policy by Sylva to her. In the policy itself a provision for assignability of the policy is contained in the following language:

"ASSIGNABILITY * * * The interest of the insured, any beneficiary and any succeeding owner shall be subject to any assignment received by the Company. No assignment of this policy shall bind the Company unless it is in writing and until the original or a true copy thereof is received at the Home Office. The Company does not assume responsibility for the validity of any assignment."

The lawyer for Carmen seems to have treated the October 19, 1965 instrument as a change of beneficiary rather than an assignment. In his letter to the Company of March 11, 1966 he states: "A change of beneficiary was executed by Mr. Sylva * * *." And in his letter of March 28, 1966 in which the October 19, 1965 instrument is copied, the attorney refers to it as "The change of beneficiary executed by Mr. Sylva * * * is in form and substance as follows * * *." Indeed, the language of the instrument involved lends itself more to an attempted change of beneficiary than an assignment of the policy. We find it necessary to overrule both the original and alternate theories of Carmen.

The fifth point of error is to the effect that the trial court erred in not granting to counsel the right of oral argument on the motion for summary judgment. We do not find any exception or objection in regard to this alleged refusal of the court, nor are we aware of the circumstances surrounding such alleged refusal, and are not in a position to determine the merits of this point of error, and therefore overrule the same.

Finding no error in the judgment of the trial court, the same is affirmed.