Ada Arlene WITT, Appellant,

v.

The CITIZENS NATIONAL BANK, WACO, Texas, Appellee.

No. 4794.

Court of Civil Appeals of Texas.

Waco.

March 13, 1969.

W. E. Cureton, Waco, for appellant.

Pakis & Sanders, Wm. R. Pakis, Waco, for appellee.

OPINION

WILSON, Justice.

The widow of the deceased insured brought this action against the testamentary trustee of insured's estate, asserting that

her husband had ineffectively attempted to change the beneficiary in eight policies of insurance on his life in which she was named beneficiary. Judgment that plaintiff take nothing was rendered on stipulation of the facts.

Insured and his wife, appellant, had been married over 20 years and had four minor children. All property accumulated and income received during marriage was community property. The premiums on the life insurance policies were paid with community funds.

Insured executed a subsequently probated will in January, 1968 creating trusts for the benefit of the children, in which appellee bank was named trustee and executor. Appellant was excluded as a beneficiary under the will. On January 22 insured requested his attorney to obtain, and the attorney did procure from the insurers, forms for changing the beneficiary in each policy (except one not here involved naming appellant beneficiary). On February 15 the attorney mailed the forms to insured, an architect, with instructions to sign and return them to the attorney, who would then sign the forms as a witness to insured's signature and send them to the insurers. February 22 insured filed a divorce suit against his wife, and on February 23, during a conference in the attorney's office, inquired whether the forms requesting change of beneficiaries (which insured thought he had returned) had been forwarded to the companies. The attorney replied he did not think insured had returned them, but that he "would make sure they were immediately mailed to the insurance companies" when received.

On that Friday evening, before midnight, insured committed suicide. On the following Monday, February 26, the change of beneficiary forms, signed by the insured, were found by the attorney in the latter's post office mail box. He signed the forms as witness and mailed the forms to each of the insurers on February 27.

To avoid expense of interpleader all proceeds of the eight policies were deposited by agreement, with appellee bank acting as escrow agent.

The change of beneficiary provisions in the various policies considered material here are summarized in the footnote [1].

■ The applicable general guidelines for determining whether insured effected a change of beneficiary are as follows:

(1) The policy provision for change is a matter "of contract between insurer and insured for the benefit of a third party", the named beneficiary. Kotch v. Kotch, 151 Tex. 471, 251 S.W.2d 520, 523.

(2) Where insured retains the right to change the beneficiary the latter "ordinarily acquires no vested rights" and "has no legal standing during the lifetime of the insured to insist upon either strict or substantial compliance with policy requirements for change of beneficiary waived by the insurer. But where the insurer has not so waived policy requirements during insured's lifetime, right to the proceeds vests immediately in the named beneficiary, and may not be defeated by a mere showing of insured's intention short of "substantial compliance". Fidelity Union Life Insurance Company v. Methven, 162 Tex. 323, 346 S.W.2d 797, 799.

1. California-Western States: "upon written request filed with the Company at its Home Office; such change to take effect only when endorsed hereon by the company." Texas Life Insurance Co: May designate a new beneficiary "by filing such request at the Home Office of the Company upon the form of the Company for this purpose, duly executed," effective only "when accepted in writing by the Company". American General: "Change will take effect only when endorsed by the Company, but when so endorsed, the change will be deemed effective as of the date of the application". Travelers: "Subject to written approval of the Company" designation of the beneficiary "may be changed" at any time, "effective as of the date of execution thereof".

(3) Where the policy defines the method by which the insured may change the beneficiary, "a change is not accomplished unless the insured has substantially complied with" that method. Garabrant v. Burns, 130 Tex. 518, 111 S.W.2d 1100, 1103.

(4) "Substantial compliance" with the method of changing beneficiary provided in the policy means insured "has done all that he could reasonably have done" to effect the change. Tips v. Security Life and Accident Co., 144 Tex. 461, 191 S.W.2d 470, 471; Kotch v. Kotch, above; Creighton v. Barnes, 152 Tex. 309, 257 S.W.2d 101, 103.

Notwithstanding appellant disclaims in oral argument any reliance on the policy provisions in the California-Western States and American General policies that change of beneficiary will take effect only when endorsed thereon by the insurer, in our opinion effect must be given to the requirement. In Creighton v. Barnes, 152 Tex. 309, 257 S.W.2d 101, 103, the policy provided: "Such change to take effect upon the written endorsement of the same upon the policy by the Company". In determining whether insured "did all he reasonably could have done", the Supreme Court pointed to the quoted requirement and asked, "How is this to be done without the policy being sent in to the Company for its endorsement of the change upon the policy?" The answer was: The Company could not make such an endorsement "unless the policy was delivered to the Company". It was held it was necessary for the insured not only to make a request for change, but

also "to deliver the policies to the Company for its endorsement". (The Court of Civil Appeals, 252 S.W.2d 1010, 1013, had held the opposite, basing the decision on Adams v. Adams, Tex.Civ.App., 78 S.W. 2d 664, writ dism.). See 2 Appleman, Insurance (1966) Sec. 965, p. 599; [2] Great Southern Life Ins. Co. v. Hukill, Tex.Civ. App., 151 S.W.2d 603, 606, (1941) writ dism.

■ Since the requirement in the policies of these two named insurers was not complied with by sending the policy to the insurer for endorsement before insured's death, the test of substantial compliance was not met.

In our opinion it must be held also that insured did not do all that could reasonably be done in other respects to effect the change of beneficiary in any of the policies. His subjective intent is not the test. Insured signed the request forms. If it be assumed he mailed them before his death to his attorney as agent for transmission to the insurers, that agency and power to act terminated with insured's death. Primm v. Stewart, 7 Tex. 178, 183; Johnson v. Johnson (5 cir. 1943) 139 F.2d 930, 151 A.L.R. 268; 5 Couch on Insurance 2d, Sec. 28:76, p. 185; 2 Tex.Jur.2d, Agency, Sec. 18, p. 452. See Hallett v. Ponder, Tex. Civ.App., 376 S.W.2d 797; Kelley v. McDonald, Tex.Civ.App., 83 S.W.2d 414, writ dism.; Sylva v. Sylva, Tex.Civ.App., 426 S.W.2d 253, writ ref. n. r. e.[3]

It is unnecessary for us to pass on appellant's contention that the attempted

---

2. Cf., 5 Couch, Insurance 2d, Secs. 28:72, 28:73, where Creighton v. Barnes is not cited, and the cases listed in Sec. 28:72 n. 18, p. 174 do not support the text implication in Sec. 28:73, n. 1, p. 176. In this note Adams v. Adams, (Tex.Civ. App. 1935) 78 S.W.2d 664, writ dism., is cited. Adams v. Adams does not represent the Texas view on the point at issue, in the light of Creighton v. Barnes. The parties stipulated that the provisions in both California-Western States policies are the same.

3. In Porter v. Garner, (Tex.Civ.App., El Paso 1965) 386 S.W.2d 618, writ ref. n. r. e., relied on by appellee, there was evidence and a finding that the change form and the policy were delivered to the insurer's agent before insured's death. The executed form was mailed to insurer before death. The policy contained a retroactive clause. In Price v. Supreme Home, etc., Tex.Com.App., 285 S.W. 310, also relied on, the request for change was mailed to insurer before death. See statement per Garwood, Justice, in Kotch v. Kotch, 151 Tex. 471, 251 S.W.2d 520, 524.

change of beneficiary was in fraud of the wife's rights in the community estate.

The judgment of the trial court is reversed, and judgment rendered that appellant have and recover the proceeds and any accumulated earnings thereon of the policies named in plaintiff's petition (except that issued by Amicable Life Insurance Company). Reversed and rendered.

HALL, J., not sitting.