**Geraldine NAVARRO, Appellant,**

v.

**Irene DOBBS et al., Appellees.**

**No. 375.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 10, 1970.

Rehearing Denied July 8, 1970.

Kenneth J. Will, Gripp, Will & Collins, L. J. Clayton, Houston, for appellant.

Les Fleming, Sam W. Davis, Vinson, Elkins, Searls & Connally, Houston, for appellees.

BARRON, Justice.

This is a suit to determine the ownership of the proceeds of a group life insurance policy.

Olan Dobbs, the insured, obtained the policy from John Hancock Mutual Life Insurance Company through his employer Camco, Inc. His first wife, Camilla, was designated as the beneficiary under the policy until her death in March, 1964. In April, 1964, he designated his niece, Geraldine Navarro, as beneficiary. Later in 1964, Olan Dobbs married again. Olan and Irene Dobbs remained married until Olan's death in June, 1966.

After the death of Olan Dobbs, his insurance policy records kept by Camco, Inc., were forwarded to John Hancock. In that file was discovered a change of beneficiary card dated September 8, 1964, which designated Irene Dobbs beneficiary of the policy. Although acknowledged by Clarence Soucek, Director of Personnel for Camco, Inc., this change of beneficiary card was not signed by Olan Dobbs. Details as to the actual attempted execution of the change of beneficiary card and its filing were not clearly established. Irene Dobbs brought suit to determine the ownership of the policy benefits. Realizing that Irene Dobbs and Geraldine Navarro had distinct adverse claims to the policy proceeds John Hancock paid the policy benefits plus accrued interest into the registry of the court until the adverse claims could be settled. Geraldine Navarro has perfected appeal from a trial court judgment that found ownership of the policy proceeds to be in Irene Dobbs.

The policy contains the following provision:

"Beneficiary. The employee may from time to time change the beneficiary under his Life Insurance hereunder by filing written notice thereof with the Employer. After such written notice has been received, the change shall relate back to take effect as of the date

the employee *signed* said written notice of change whether or not the employee be living at the time of the receipt of such written notice but without prejudice to the Company on account of any payment made by it before receipt of such written notice." (Emphasis added).

It is the contention of the appellee that the filing of the change of beneficiary card was such substantial compliance with the terms of the policy as to designate her as beneficiary under the policy. It is well settled in this state that the insured, in changing the beneficiary of a life insurance policy must do all he reasonably could have done towards making the change in order to achieve the substantial compliance necessary effectively to change the beneficiary. Garabrant v. Burns, 130 Tex. 518, 111 S.W.2d 1100 (Tex.Com.App.1938), op. adopted; Tips v. Security Life & Accident Co., 144 Tex. 461, 191 S.W.2d 470 (1945); Kotch v. Kotch, 151 Tex. 471, 251 S.W.2d 520 (1952); Creighton v. Barnes, 152 Tex. 309, 257 S.W.2d 101 (1953); Scherer v. Wahlstrom, 318 S.W.2d 456 (Tex.Civ.App. 1958), writ ref.; Sylva v. Sylva, 426 S.W.2d 253 (Tex.Civ.App.1968), writ ref., n. r. e.; Witt v. Citizens National Bank, Waco, 440 S.W.2d 112 (Tex.Civ.App.1969), no writ hist.; Curtis v. Curtis, 378 S.W.2d 955 (Tex.Civ.App.1964), writ ref., n. r. e., and see generally, Vance on Insurance (3rd Ed.), Hornbook Series, p. 683 et seq.

There is no act involved in changing a beneficiary more basic to substantial compliance with this policy or any other than the signature of the insured. It is the basic act prerequisite to any further procedure in changing the beneficiary. The reasons for strict application of this rule in the foregoing cases are obvious. In the case at bar there is only an unsigned change of beneficiary card. This alone is insufficient to warrant a finding of substantial compliance on the part of Olan Dobbs in order to change the beneficiary of the policy in question.

It is to be noted that the policy stated that Camco, Inc. was not to be the agent of John Hancock Life Insurance Company. But even if Camco were to be considered an agent of John Hancock this would not change the failure to the insured to perform the acts most basic to change the designation of the beneficiary under the policy in question.

John Hancock, having paid the policy benefits along with accrued interest into the registry of the court, is liable for neither interest since that date nor attorney's fees necessary for the maintenance of this action.

The judgment is reversed and here rendered that the life insurance proceeds be awarded to Geraldine Navarro.