Bernice ODLE, Appellant,

v.

Margaret WILLIAMSON, Appellee.

No. 1142.

Court of Civil Appeals of Texas, Tyler.

Aug. 3, 1978.

Rehearing Denied Aug. 31, 1978.

Todd M. Watson, Dallas, for appellant.

J. Michael Smith, Parish & Smith, Gilmer, for appellee.

MOORE, Justice.

This is a suit to determine which of two claimants is entitled to the proceeds of a life insurance policy. The $50,000.00 policy was issued by The Travelers Insurance Company on the life of Hal Newsom, who died as the result of an automobile accident on December 23, 1974. At the time of his death, his ex-wife, Bernice Odle, was the named beneficiary in the policy. Following his death, his daughter, Margaret William-son, instituted this suit against the insurer and Bernice Odle alleging that, after the insured's divorce from Bernice Odle, he executed a change of beneficiary naming her as beneficiary. Defendant, Bernice Odle, answered with a general denial and a cross-action alleging that she was the sole beneficiary named in the policy and was therefore entitled to recover the proceeds. Trial was before a jury. In response to a single spe-

cial issue,[1] the jury found that the insured had changed the beneficiary from Bernice Odle to Margaret Williamson. Pursuant to the verdict, the trial court awarded the proceeds of the policy to Margaret Williamson, and defendant, Bernice Odle, perfected this appeal. The insurer, The Travelers Insurance Company, deposited the proceeds of the policy into the registry of the court and was discharged and did not appeal.

We reverse and render judgment in favor of appellant, Bernice Odle.

The group insurance policy in question was purchased by the insured from Exxon Travel Club, Inc., which acted as the agent of The Travelers Insurance Company. The policy contained the following provision regarding change of beneficiaries:

> *"Designation or Change of Beneficiary*: The right of designation or change of beneficiary is reserved to the insured and the consent of the beneficiary or benefici-aries shall not be requisite to any change of beneficiary or beneficiaries, or to any other change in said coverage or in the policy. No designation or change of ben-eficiary under the policy shall be binding upon the company until the original or a duplicate thereof is received by the com-pany."

The evidence shows that the insured and appellant, Bernice Odle, were married on May 1, 1972. At the time of the marriage the insured was the holder of the policy and shortly thereafter he designated his wife, Bernice Odle, as the beneficiary. The par-ties were subsequently divorced on Decem-ber 4, 1973. Approximately one year later on December 23, 1974, Mr. Newsom died as a result of an automobile accident at the age of 84.

Appellee, Margaret Williamson, testified that some time after his divorce from Bern-

---

1. "SPECIAL ISSUE NO. 1: Do you find from a preponderance of the evidence that Hal New-som, deceased, changed the beneficiary from Bernice Odle to Margaret Williamson?

   "Answer 'Yes' or 'No.'
   "ANSWER: Yes.

   "In connection with the above and foregoing special issue, you are instructed actual compli-

ance is not necessary and a change of benefi-ciary may be accomplished by substantial com-pliance with the provisions of the insurance policy.

   "Substantial compliance with the method of changing the beneficiary provided in the policy means the insured '"has done all he could reasonably have done" to effect the change.'"

ice Odle she had a discussion with her father with regard to changing the beneficiary on the policy. After his death, she testified that in going through his papers she found the following letter from Exxon Travel Club:

"August 22, 1973, From Bertha M. Murdock to Hal Newsom.

The enclosed form may be used to change your class of membership. Your daughter may be covered under your membership as long as she meets the eligibility requirements defined in the attached memorandum. BRM:dh"

While Mrs. Williamson testified that she was of the impression that the foregoing letter had something to do with a change of beneficiary, other testimony in the case shows that the purpose of this letter was to advise Mr. Newsom that his daughter could obtain insurance coverage under his policy provided she met the eligibility requirements. She further testified that she thought her father had made her the beneficiary under the policy.

Mary Ann Spooner, the granddaughter of the insured, testified that she was close to her grandfather and was with him often. She testified that some time prior to August 22, 1973, the date he received the above correspondence from Exxon Travel Club, she saw her grandfather write a letter to Exxon requesting that the beneficiary on the policy be changed from Bernice Odle to her aunt, Margaret Williamson, and that he dropped it in with his monthly gasoline bill to Exxon. She admitted, however, that she did not see him deposit the letter in the mail. She testified that some time thereafter her grandfather received the hereinabove quoted letter from Exxon, dated August 22, 1973, and that a change of beneficiary form was enclosed in the letter from Exxon. She further testified that she saw her grandfather fill out the form changing the beneficiary from Bernice Odle to Margaret Williamson, and that she saw him stamp and address an envelope to Exxon Travel Club and place the change of beneficiary form therein. She admitted, however, that she did not see him place the letter in the mail, although she testified he told her "he was going to."

The record contains no evidence showing that the Exxon Travel Club ever received any correspondence from the insured requesting a change of beneficiary. Al Feinblatt, claims supervisor for The Travelers Insurance Company, testified that the insurance company had never received a request for a change of beneficiary and that the named beneficiary on the policy was Bernice Odle. There is nothing in the record indicating that the deceased ever advised Bernice Odle that he intended to change the beneficiary.

It is undisputed that written notice of a change of beneficiary to Exxon Travel Club would have been sufficient to effect a change of beneficiary without the necessity of giving such notice directly to the insurer.

Appellant contends by her fourth point of error that the trial court erred in denying her motion for judgment non obstante veredicto, in that there is no evidence to support the jury's finding that the insured substantially complied with the policy provisions with regard to change of beneficiary.

The law regulating the rights and duties of an insured to make a change of beneficiary is aptly stated in the case of *Scherer v. Wahlstrom*, 318 S.W.2d 456, 458 (Tex.Civ. App.—Fort Worth 1958, writ refused), as follows:

"An insurer may make reasonable regulations in a policy, or in the constitution and by-laws which become a part of the policy, defining the method by which a member may change the beneficiary, and when the beneficiary is a third party, such regulations become a part of the contract, and, generally speaking, the right to change can be exercised in no other way, and while the insurer may waive compliance with regulations intended for its benefit, yet the beneficiary named has a right, by virtue of the contract, to require that a change be made substantially in accordance with the manner provided. *Garabrant v. Burns*, Tex. Com.App., 130 Tex. 518, 111 S.W.2d 1100. Although the right to name or substitute

a beneficiary may be absolute in the insured, the method provided for making known to or advising the insurer of the purpose and wish of the insured becomes contractual and binding.

"As between opposing claimants, even though the insurer takes no position on the restrictions, a purported change of beneficiary will be given effect only if the insured has substantially complied with them or done all he reasonably could have done in that behalf. *Creighton v. Barnes,* 152 Tex. 309, 257 S.W.2d 101; *Beck v. Beck,* Tex.Civ.App., 90 S.W.2d 284; *Kotch v. Kotch,* 151 Tex. 471, 251 S.W.2d 520."

Also see: *Tips v. Security Life & Accident Co.,* 144 Tex. 461, 191 S.W.2d 470 (1945); *Kelley v. McDonald,* 83 S.W.2d 414 (Tex. Civ.App.—Texarkana 1935, writ dism'd); *Hallett v. Ponder,* 376 S.W.2d 797 (Tex.Civ. App.—Austin 1964, no writ history).

■ Where the policy defines the method by which the insured may change the beneficiary, a change is not accomplished unless the insured has substantially complied with that method. "Substantial compliance" with the method of changing beneficiaries provided in the policy means that the insured has done all that he could reasonably have done to effect the change. *Tips v. Security Life & Accident Co.,* supra, 191 S.W.2d at 471; *Witt v. Citizens National Bank, Waco,* 440 S.W.2d 112, 114 (Tex.Civ. App.—Waco 1969, no writ history).

In the instant case the method designated in the policy for changing the beneficiary is filing with the company the written notice or request. Thus, the question to be resolved is whether the insured did everything that he could reasonably have done to effect the change of beneficiary. As we view the record, the question must be answered in the negative.

■ While the record contains testimony showing that the insured wrote a letter requesting a change of beneficiary and also filled out a change of beneficiary form requesting that the beneficiary be changed to Margaret Williamson, there is no evidence that either instrument ever reached the Exxon Travel Club or The Travelers Insurance Company. There is no evidence whatever showing that the insured ever mailed either the letter or the form requesting a change of beneficiary, nor is there any evidence that he directed anyone else to mail them or otherwise deliver them. When last seen, both instruments were in the possession of the insured, and there is nothing to show they ever left his possession. Although there is testimony that he stated he was going to mail the change of beneficiary form, there is nothing to show that he ever did so. His subjective intent to change the beneficiary is not the test. *Witt v. Citizens National Bank, Waco,* supra, at 114; *Hallett v. Ponder,* supra, at 800.

■ In our opinion it cannot be said that the deceased did all he could reasonably have done to perfect a change of beneficiary during his lifetime. The evidence shows that he lived approximately one year after the divorce from appellant, during which time he was active and alert and worked until the day of his death. The policy provides, in effect, that no change of beneficiary would become effective until written notice thereof was received by the company. Since there is no evidence that the requirements of the policy were complied with before his death by giving the required notice, substantial compliance was not met. His failure to deliver the required notification to the company is fatal to appellee's contention. It follows that appellant was entitled to judgment notwithstanding the verdict. Rule 301, Tex.R. Civ.P. Accordingly, appellant's fourth point must be sustained.

Appellant's remaining points challenging the court's ruling on the admissibility of evidence have been considered and found to be without merit and are therefore overruled.

This brings us to appellee's crosspoint of error, wherein it is contended that the trial court erred in admitting in evidence six exhibits offered by the appellant consisting of certain business records kept by The Travelers Insurance Company. Appellee

objected to the records on the ground that no proper predicate had been laid for their introduction as required by Article 3737e, Tex.Rev.Civ.Stat.Ann., and therefore they amounted to hearsay.

The record reveals that one of the exhibits objected to is identical with an exhibit which the appellee had theretofore offered into evidence. Two of the exhibits objected to are beneficiary designation forms in which the insured designated his wife, Bernice (Odle) Newsom, as his beneficiary, a fact about which there is no dispute. Another of the exhibits objected to is a change of class form executed subsequent to the insured's marriage to Bernice Odle, also a fact about which there is no dispute. The other two exhibits consist of correspondence between the insurer and the deceased prior to his marriage to appellant. We find no merit in appellee's crosspoint.

As we view the record a proper predicate was laid for the introduction of these documents. However, even if the court erred in admitting one or more of the exhibits, we fail to see how the appellee could have suffered any harm. The central issue in the case is whether the insured did all he could reasonably have done to effect a change of beneficiary. None of the exhibits bear any relationship to that issue. After a review of the entire record, we are of the opinion that the error, if any, was not calculated to cause the rendition of an improper judgment. Rule 434, Tex.R.Civ.P.

The judgment of the trial court is reversed, and judgment is here rendered for appellant, Bernice Odle, for the sum of $50,-000.00 deposited by the insurer into the registry of the court, less the sum of $500.00 awarded for attorney's fees for filing the interpleader action on behalf of the insurer, for a total sum of $49,500.00. The judgment awarding the $500.00 attorney's fees out of the funds on deposit is left undisturbed.

Reversed and rendered.