### BROWN v. UNION CENTRAL LIFE INS. CO. et al.

No. 9343.

Court of Civil Appeals of Texas. San Antonio.

May 16, 1934.

Rehearing Denied June 27, 1934.

Tarlton, Brady & Cox, of Brownsville, Texas, for appellant.

Jesse G. Foster, of Raymondville, Texas, and Carter & Stiernberg, of Harlingen, Texas, for appellees.

MURRAY, Justice.

This is a suit between two alleged beneficiaries of two insurance policies upon the life of A. V. Brown, deceased. A. V. Brown attempted to change the beneficiary in his two policies of insurance from his wife, Mrs. Jewell Brown, who is appellant here, to his mother, Mrs. W. B. Brown, now deceased, and whose heirs are the appellees herein. The trial court, before whom said cause was tried without a jury, found in favor of the heirs of Mrs. W. B. Brown for the balance due on the two insurance policies, amounting to the sum of $3,944.41. Mrs. Jewell Brown has sought this appeal.

The trial judge made the following findings of facts which are set out in the judgment:

"1. That Alvin Valcour Brown died on February 21st, 1933, and at the time of his death was the owner of a policy of insurance No. 571655 for Two Thousand ($2000.00) Dollars, and another policy of insurance No. 571656 for Three Thousand ($3000.00) Dollars issued by defendant, Union Central Life Insurance Company, of Cincinnati, a corporation duly organized under the laws of the State of Ohio, with its principal place of business at Cincinnati, Ohio, and the said Alvin Valcour Brown owed said insurance company certain sums of money representing loans and had pledged both of said policies with said insurance company as security for such loans, and that the amount due on said policies on April 26th, 1933, was the sum of Three Thousand, Nine Hundred Forty-Four and 41/100 ($3,944.41) Dollars;

"2. That on February 20th, 1933, the insured, Alvin Valcour Brown, executed a written notice addressed to the defendant Insurance Company at its home office at Cincinnati, Ohio, instructing said insurance company to change the beneficiary from his wife, Jewell Brown, to his mother, Mrs. W. B.

Brown, and specified that said change was to take effect on February 20th, 1933, and placed said written notice in an envelope addressed to the defendant insurance company at its home office in Cincinnati, Ohio, sealed such envelope and deposited same in the United States Mail at Harlingen, Texas, and such written notice was received by the defendant, insurance company on or about the morning of February 23rd, 1933, and that such notice, under the terms of said policies, did constitute a change of beneficiary;

. "3. That said Mrs. W. B. Brown died intestate on March 18th, 1933, and left surviving her as her sole and only heirs at law her husband, W. B. Brown, and her three daughters, Aletha Granberry, Isabel Hackney and Leanora Machen, and her three sons, H. H. Brown, W. N. Brown and W. A. Brown, and that said Mrs. W. B. Brown left no debts and no administration has been taken out on her estate and that there is no necessity for administration on same;

"4. That the plaintiffs are entitled to the sum of Three Thousand Nine Hundred Forty Four and 41/100 ($3,944.41) Dollars paid into court by the defendant insurance company under its bill of interpleader, less the sum of Three Hundred ($300.00) Dollars paid to its attorneys, and less the costs of this suit in connection with said bill of interpleader."

██ Appellant contends that the evidence is insufficient to support the trial judge's finding that A. V. Brown placed the notice of change of beneficiary in an envelope addressed to the defendant insurance company at its home office in Cincinnati, Ohio, sealed such envelope, and deposited same in the United States mail, at Harlingen, Tex. We think this contention is well founded. The evidence does not show that this letter was read by A. V. Brown or that it was read to him, or even that he knew what the contents of the letter were. The evidence does affirmatively show that A. V. Brown did not write this letter, but that it was written by Miss Doris Deck; that he did not place the letter in an addressed envelope, but that this was done by Miss Deck; that he did not place this letter in the United States mail, but that this was done by J. J. Willingham. The evidence does not even intimate that A. V. Brown directed or caused this letter to be placed in an addressed envelope and deposited in the mail.

Under the policy, as it now reads, Mrs. Jewell Brown is the beneficiary, and the burden of proof was upon the heirs of Mrs. W.

B. Brown to establish a change in the beneficiary. The mere showing that the insured signed a letter directing such a change is insufficient to discharge the burden resting upon the alleged new beneficiary.

██ The next question presented is whether or not a letter arriving at the home office of the insurance company two days after the death of the insured directing a change in beneficiary was sufficient to accomplish this result under the terms of the policies here involved.

Paragraph 26 of the policies having to do with the change of beneficiary reads as follows: "The insured shall have the right at any time to change the beneficiary, by written notice to the Company at the Home Office, for which a form will be furnished on request. The insured may exercise every right and receive every benefit reserved to the insured or the owner of the policy during his lifetime, or agree with the Company to any change in or amendment of the policy, without the consent of any beneficiary."

We conclude that under this provision the letter written by A. V. Brown, on February 20, 1933, the day before his death, would be sufficient to accomplish a change of beneficiary if the evidence had further shown that A. V. Brown had done all in his power to accomplish this change, by placing this letter in an addressed envelope, properly stamped, and depositing it in the United States mail. The right of the insured to change the beneficiary at any time is clearly given to him, and where he does all that he can do before his death to accomplish such a change it should be regarded as accomplished. The policy does not even require that the change be indorsed upon the policy, but merely that notice be received at the home office of the company. The fact that such notice arrived after the death of the insured would not defeat the change where the insured had done all in his power to accomplish this purpose. Supreme Home of Ancient Order of Pilgrims v. Price (Tex. Civ. App.) 274 S. W. 1019; Id. (Tex. Com. App.) 285 S. W. 310; Splawn v. Chew, 60 Tex. 532; Richardson v. Faithful (Tex. Civ. App.) 289 S. W. 1054; State Mutual Life Assur. Co. v. Bessett, 41 R. I. 54, 102 A. 727, L. R. A. 1918C, 961; La Borde v. Farmers' State Bank, 116 Neb. 33, 215 N. W. 559; Farley v. First Nat. Bank, 250 Ky. 150, 61 S.W. (2d) 1059; Mutual Life Ins. Co. v. Lowther, 22 Colo. App. 622, 126 P. 882.

For the error pointed out, the judgment will be reversed, and the cause remanded.