Leola HALLETT et vir, Appellants,

v.

Essie Lee PONDER, Appellee.

No. 11149.

Court of Civil Appeals of Texas.

Austin.

March 11, 1964.

Rehearing Denied April 1, 1964.

A. Jeff Kemp, Houston, for appellants.

David Ball, Jr., Houston, for appellee.

HUGHES, Justice.

This suit was brought to determine to whom the proceeds of an insurance policy, tendered into Court by the insurer, on the

life of L. B. Rason, who died November 21, 1961, in Harris County, should be paid.

Appellant, Mrs. Leola Hallett, a daughter, was named as beneficiary in the insurance policy, and her claim to its proceeds is based on this fact.

Appellee, Mrs. Essie Lee Ponder, who was unrelated to deceased, was named beneficiary of such policy in a change of beneficiary executed by decedent on November 18, 1961, and her claim is based on this fact.

In a non-jury trial, judgment was rendered sustaining the claim of Mrs. Ponder.

The group insurance policy under which the parties claim contained this provision regarding change of beneficiaries:

"CHANGE OF BENEFICIARY. The employee insured hereunder may designate a new beneficiary at any time by filing through the policyowner a written request for such change on forms furnished by the Company. The change shall be effective immediately upon receipt by the Company of such written request."

Regarding the execution and subsequent custody of the change of beneficiary form, Mr. David Ball, Jr., attorney for appellee testified:

"My name is David Ball, Jr., I am an attorney, at law in Houston and on or about November, 1961, Essie Lee Ponder, who I have known for several years, contacted me in regard to obtaining a change of beneficiary form from Great Southern Life Insurance Company in Houston, Texas, for a person known as L. B. Rason, explaining their prior relationship and further that he was hospitalized and asked me to come to the hospital and bring the necessary forms.

"Several days later, approximately November 15, 1961, I obtained of beneficiary forms from the Home office of Great Southern Life Insurance Com-

pany and on that same date, I called a doctor, Dr. J. D. Bowles to the telephone to inquire about L. B. Rason. Dr. Bowles informed me that the mental condition of L. B. Rason was sound, he was of sound mind, but that he was very physically infirm, and that he would never leave the hospital before his death. But three days later on Saturday, November 18, 1961, I went to the Riverside Hospital, here in Houston, and talked both in the presence of Essie Lee Ponder and out of her presence, alone with L. B. Rason, concerning his expressed wish to change the primary beneficiary in his insurance policy from his daughter to Essie Lee Ponder.

"I satisfied myself as to their relationship from him and he had difficulty, due to his physical condition rather than from his mental state. He is in a very weak physical condition and had to be assisted in sitting up in the bed, that is a tray, portable tray, the type food is served on, was rolled up against the bed and the change of beneficiary form was signed on that table with the form being held that he was very weak and had difficulty in signing his name to the instrument.

"THE COURT: In your opinion, he was of sound mind?

"A In my opinion he was and I have discussed it with his doctor before I visited him.

"THE COURT: When did you deliver the change of beneficiary form to the company?

"A When I was notified several days later that he was deceased, I took it by.

"THE COURT: You recall the date?

"A I think December 12.

"THE COURT: You delivered it personally?

"A Yes, I think to Mr. Williams, I had it in my possession all that time."

The executed change of beneficiary form was stamped by the insurer, "Received December 12, 1961, Department of Policy Claims."

The group insurance policy here involved was issued to Bluebonnet Express, Inc., referred to, in the policy, as "employer" and "policy holder." Assuming, as we do, that the word "policyowner" in change of beneficiary provision, supra, is synonymous with the words "policy holder," then there is no evidence that such executed change of beneficiary form was filed "through" Bluebonnet Express, Inc. The only filing done was, as above shown, with the insurer on December 12, 1961.

The only authorities cited by appellee to sustain the judgment below are: Brown v. Union Central Life Ins. Co., Tex.Civ.App., 72 S.W.2d 661, no writ history, Adams v. Adams, Tex.Civ.App., 78 S.W.2d 664, writ dism., both by the San Antonio Court of Civil Appeals, and Ferguson v. Knight, 264 F.2d 176, 5th Cir.

In Brown the policy provided that, "The insured shall have the right at any time to change the beneficiary, by written notice to the Company at the Home Office * *." There was no policy provision stating when such change would become effective. The following excerpt from that case reflects its holding:

"We conclude that under this provision the letter written by A. V. Brown, on February 20, 1933, the day before his death, would be sufficient to accomplish a change of beneficiary if the evidence had further shown that A. V. Brown had done all in his power to accomplish this change, by placing this letter in an addressed envelope, properly stamped, and depositing it in the United States mail. The right of the insured to change the beneficiary at any time is clearly

given to him, and where he does all that he can do before his death to accomplish such a change it should be regarded as accomplished. The policy does not even require that the change be indorsed upon the policy, but merely that notice be received at the home office of the company. The fact that such notice arrived after the death of the insured would not defeat the change where the insured had done all in his power to accomplish this purpose."

In Adams the policy provided that a change of beneficiary should "take effect only when endorsed by the Company on this Policy during the insured's lifetime." The change of beneficiary application was executed and delivered to the Company during the lifetime of insured but was not endorsed on the policy until after his death. The Court sustained the validity of the change of beneficiary holding that the insured had done all that he reasonably could do to perfect the change and that it would be regarded as accomplished, citing its previous decision in Brown, supra.

In our opinion, neither of these cases is controlling or persuasive here. The policy provision, as well as the facts required to show compliance therewith, in Brown are not comparable either to the policy or the facts found here. In Adams the insured had done all the policy required him to do before his death. The Court very properly held that he was not chargeable with the default of the insurer.

The Federal case cited is not helpful and will not be discussed.

■■■ The law to be applied is recently and superbly stated by Associate Justice Renfro in Scherer v. Wahlstrom, 318 S. W.2d 456, Fort Worth Civil Appeals, writ ref., as follows:

"An insurer may make reasonable regulations in a policy, or in the constitution and by-laws which become

a part of the policy, defining the method by which a member may change the beneficiary, and when the beneficiary is a third party, such regulations become a part of the contract, and, generally speaking, the right to change can be exercised in no other way, and while the insurer may waive compliance with regulations intended for its benefit, yet the beneficiary named has a right, by virtue of the contract, to require that a change be made substantially in accordance with the manner provided. Garabrant v. Burns, Tex.Com.App., 130 Tex. 518, 111 S.W.2d 1100. Although the right to name or substitute a beneficiary may be absolute in the insured, the method provided for making known to or advising the insurer of the purpose and wish of the insured becomes contractual and binding.

"[5] As between opposing claimants, even though the insurer takes no position on the restrictions, a purported change of beneficiary will be given effect only if the insured has substantially complied with them or done all he reasonably could have done in that behalf. Creighton v. Barnes, 152 Tex. 309, 257 S.W.2d 101; Beck v. Beck, Tex.Civ.App., 90 S.W.2d 284; Kotch v. Kotch, 151 Tex. 471, 251 S.W.2d 520."

In that case the policy provided that a change of beneficiary could be made by filing a written request with the policy for endorsement at the home office of the Company and that "[s]uch change will take effect on the endorsement of the Policy by the Company and not before." The insured wrote the Company stating that he wanted to change the beneficiary in his policy [who was designated therein as "Finance" but who married another person] to his father. Forms were sent to the insured by the Company, but he died before executing them or sending in the policy for endorsement. The change of beneficiary was held to be ineffective. From this opinion it is obvious that the intention of the insured is unimportant if he has not substantially complied with or done all that he could reasonably have done to comply with the provisions of the policy in this regard.

In Tips v. Security Life & Accident Co., 144 Tex. 461, 191 S.W.2d 470, the Court in holding ineffective an attempted change of beneficiary of an insurance policy stated:

"The method designated in the policies in the instant case is by filing with the company the written notice or request. There was no compliance, not even an attempted compliance, with that prescribed method. The insured executed the notices or requests but he did not file them with the company. He did not mail them. He did not even direct anyone to mail them. He kept them in his possession until he died nearly four years after he executed them."

This holding is peculiarly applicable here for the reason that there is a comparable lack of effort or instructions by the insured for delivery of the executed change of beneficiary to the Company as required by the policy in order for such change to become effective.

In Kelley v. McDonald, 83 S.W.2d 414, Texarkana Civil Appeals, writ dism., a policy provision very similar to the one in Scherer v. Wahlstrom, supra, was involved. The insured wrote the Company a letter requesting a change of beneficiary and enclosed it and the policy in an envelope properly addressed to the Company and stamped and placed the letter in a private box at the hotel where he was residing, the box being used to receive mail by patrons of the hotel. The letter found its way under a telephone directory and was not discovered or mailed until after the death of the insured. The change of beneficiary was held ineffective.

It is our opinion that the insured did not do or cause to be done all that he was required to do in order to effectuate a change in beneficiary of his policy. That he did not comply with the policy requirements literally is conceded. We hold that he did not comply with them substantially and that he did not do all that he could have reasonably done to this end.

The judgment of the Trial Court is reversed and judgment is here rendered for appellant for the sum of $1250.00, the judgment for $250.00 for attorney's fees for the insurer is left undisturbed. All costs are assessed against appellee.

Reversed and rendered.