Mrs. Myrtle S. HAMMACK (Watson), Appellant,

v.

Dolly Ann HAMMACK, Appellee.

No. 22580.

United States Court of Appeals
Fifth Circuit.

April 19, 1966.

Joe Clay Hamilton, Meridian, Miss., for appellant.

Daniel J. O'Beirne, Brandon, Brandon, Hornsby & Handy, Natchez, Miss., for appellee.

Before JONES and BELL, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM.

The government's interpleader suit produced this controversy between a sister and a divorced wife of a deceased soldier over the proceeds of his policy issued under the provisions of the National Service Life Insurance Act. The trial court entered judgment in favor of the sister.

The former wife was the beneficiary of record. The sister claimed that she became the beneficiary under a change made by her brother after his marital separation; even though the instrument evidencing the change never actually reached the office of the Veterans Administration. The only question presented here is whether the evidence is sufficient to establish such change.

█ █ The requirements for effecting a change of beneficiary in a policy of this type are not as strict as the more formal ones where conventional life insurance is involved. Proof of an intention to make such change to a certain person and of an affirmative act exercising the right of change meets the requirements. Mitchell v. United States, 5 Cir., 165 F.2d 758, 2 A.L.R.2d 484 (1948); McKewen v. McKewen, 5 Cir., 165 F.2d 761 (1948); Gann v. Meek, 5 Cir., 165 F.2d 857 (1948); Hawkins v. Hawkins, 5 Cir., 271 F.2d 870 (1959); Aguilar v. United States, 9 Cir., 226 F.2d 414 (1955), cert. den. 351 U.S. 955, 76 S.Ct. 852, 100 L.Ed. 1478; United States v. Williams, D.C.W.Va., 145 F.Supp. 308, affirmed, 4 Cir., 243 F.2d 573 (1957).

█ A careful examination of the record has led us to the conclusion that the evidence supports the findings of fact, conclusions of law and judgment of the trial court.

Affirmed.