Mary L. BAKER, Appellant,

v.

UNITED STATES of America and Caroline S. Gardenhire, Appellees.

No. 24000.

United States Court of Appeals
Fifth Circuit.

Nov. 13, 1967.

Erwin A. Friedman, Nelson Haslam, Friedman, Haslam & Weiner, Savannah, Ga., for appellant.

W. Reeves Lewis, Asst. U. S. Atty., Richard T. Cowan, Cowan, Zeigler, Downing & McAleer, Savannah, Ga., for appellees.

Before BROWN, Chief Judge, SIMPSON, Circuit Judge, and SUTTLE, District Judge.

SUTTLE, District Judge:

Appellant, the divorced wife of an insured, deceased serviceman, brought this action to recover the proceeds of a National Service Life Insurance policy, as the last named beneficiary in the policy, against the United States [1] and Caroline S. Gardenhire, the insured's mother, a claimant to such proceeds. The Veterans Administration Board of Veterans Appeals had determined that the beneficiary had been changed and that the mother, appellee, was entitled to the proceeds.

The undisputed evidence at the trial shows that Caroline S. Gardenhire was the designated beneficiary of the policy when it was issued in 1942, and was redesignated such in 1951. The insured serviceman, Malcolm H. Gardenhire, married the appellant in March, 1956, and designated her the new beneficiary of the policy the following May, by use of the correct form furnished for that purpose by the Veterans Administration. This was the last written notice of a beneficiary designation received by the Veterans Administration on this policy, and was in effect when the insured died August 23, 1960. In June, 1958, the appellant and deceased were divorced. On

---

1. The United States is in the position of a stakeholder only, having admitted liability of $10,000 on the policy in question.

April 5, 1960, Malcolm H. Gardenhire executed Air Force Form 246–3, entitled "Record of Emergency Data," in which he designated the appellee as beneficiary for certain gratuity pay, unpaid pay and allowances, and allotment, if any. In the space where the deceased was to have listed "Insurance Policies in Force—Including NSLI * * *," the word "NONE" was entered.

At the close of the evidence appellant moved for a directed verdict. The District Court excused the jury, and announced that he would decide the case on briefs.[2] The court then held that the mother (appellee) was entitled to the proceeds of the policy, concluding as a matter of law that:

> "The insured's intent to change the National Service Life Insurance beneficiary designation to his mother, Caroline Sarah Gardenhire, as principal beneficiary is shown and it was effectuated by his affirmative action in completing Air Force Form 246–3 in April 1960. (38 U.S.C. 717; 38 C.F.R. 8.47.)"

The divorced wife contends here that the court below erred in overruling her motion for directed verdict and in entering judgment for Caroline S. Gardenhire, in that there is no evidence of any affirmative action on the part of the deceased to change or attempt to change the beneficiary of his National Service Life Insurance. We agree.

Title 38 U.S.C. § 717(a) provides that the insured shall, subject to regulations, at all times have the right to change the beneficiary of his National Service Life Insurance without the consent of such beneficiary. The regulation promulgated pursuant to the foregoing statutory authority provides in part:

> " * * * A change of beneficiary to be effective must be made by notice

in writing signed by the insured and forwarded to the Veterans' Administration by the insured or his agent, and must contain sufficient information to identify the insured. Whenever practicable such notices shall be given on blanks prescribed by the Veterans' Administration. * * * * "[3]

All courts have shown a disposition to be as liberal in carrying out the insured's intent as the above statute and regulation will permit. This court early adopted the now universal rule in Mitchell v. United States, 165 F.2d 758 (5th Cir. 1948), and in so doing stated the law as it existed at that time. There it was recognized that:

> "The cases are also unanimous that a mere intent to change a beneficiary is not enough. Such an intent must be followed by some affirmative act on the part of the insured evidencing an exercise of the right to change the beneficiary. Where the courts differ is as to the degree of affirmative action necessary to effect a change." 165 F.2d at 760.

This remains the state of the law today. Some cases appear to require no more than some act corroborating the insured's intent, in practical effect coming close to dispensing with any need of proof of an overt act directed at effecting the change of beneficiary. On the other hand, some courts require the insured to do everything reasonably within his power, leaving only ministerial acts to be performed to effect the change.[4]

This court appeared to adopt the latter rule in Mitchell v. United States, supra, at p. 760, but went on to affirm a trial court's determination that a change had been made, based on the insured's stating, in a "Government Insurance Report Form," that his wife was the beneficiary, holding this to be "strong, almost incontrovertible, *evidence* of a change." [5]

---

2. To this decision neither attorney raised any objection.

3. 38 C.F.R. § 8.47 (1967).

4. For a collection of cases in this area, see Annot., 2 A.L.R.2d 489, as supplemented in 1 A.L.R.2d Later Case Service, p. 142.

5. 165 F.2d at 761. See also McKewen v. McKewen, 165 F.2d 761, 765 (5th Cir. 1948), decided the same month.

This court went furthest toward the "liberal" view in Gann v. Meek, 165 F.2d 857 (5th Cir.1948) where the court, one judge dissenting, upheld the judgment of the trial court, which found a change in beneficiary based on a letter from the insured, mailed in combat conditions, to his brother, in which the serviceman said: "I did change my insurance if any one gets it Mom will get it all." [6] This case has been limited to its particular facts by Butler v. Butler, 177 F.2d 471, 472 (5th Cir. 1949) and the court has since tended toward requiring clear and unequivocal affirmative action directed toward implementing, and for the purpose of effectuating the intent of an insured with regard to changing a National Service Life Insurance beneficiary.[7]

■ While this is not the proper case in which to attempt a synthesis of these cases and set down a definite minimum degree of affirmative action which is to be required, we do feel strongly that the provisions of the statute and regulations cannot be completely brushed aside and that the requirement of some affirmative action directed toward implementing the intent must be firmly maintained. In Kell v. United States, 104 F.Supp. 699, 703 (W.D.La.1952), aff'd 202 F.2d 143 (5th Cir. 1953), the trial court made these observations, perhaps for us then and in the future:

"The only safe procedure for the Court is not to lose itself in the analysis of cases; it should, once in a while, come back to the statute and the regulations thereunder—not to be led astray therefrom by the charity of ex-pression by which a Court may be moved in each case of this character.
* * *

"Seriously, what is the more to be condemned is that the Court is legislating when it leaves the clear and unambiguous meaning of the statute and the regulations. Step by step, case by case, one gets further and further away from the statute and the regulations; until they are all but gone!" [8]

Whatever degree of affirmative action should be required, there is no evidence in the record in this case that the insured did anything in the way of an affirmative act which was designed to and reasonably thought by him to effectuate a change in beneficiary of his National Service Life Insurance policy.

The court below and the appellee here rely on the "Record of Emergency Data" form, completed by the deceased five months before his death, as being an affirmative act by him designed to effectuate his intent with regard to the beneficiary of his insurance. It is our view that by placing the word "NONE" under the heading "Insurance Policies in Force," the insured negatived any possible basis for an inference that might arise to the effect that he was thereby intending to change his insurance beneficiary.[9] Viewed most favorably for appellee, the form shows no more than that the deceased wanted his mother to have the benefits named therein and that he did not remember having any insurance. He was entitled to the benefits for which he named his mother beneficiary and the designation on this form was effective

6. See Behrens v. United States, 299 F.2d 662, 665, n. 10 (9th Cir. 1962) ("That the Fifth Circuit * * * is not too strict in its requirements for an overt act is evidenced by its opinion in Gann v. Meek, * * *.").

7. See Hammack v. Hammack, 359 F.2d 844 (5th Cir. 1966); Hawkins v. Hawkins, 271 F.2d 870 (5th Cir. 1959); Ferguson v. Knight, 264 F.2d 176 (5th Cir. 1959).

8. See Farmakis v. Farmakis, 84 U.S.App. D.C. 297, 172 F.2d 291, cert. denied 337 U.S. 958, 69 S.Ct. 1535, 93 L.Ed. 1757 (1949); Cohn v. Cohn, 84 U.S.App.D.C. 218, 171 F.2d 828, 829 (1949), cert. denied 336 U.S. 962, 69 S.Ct. 892, 93 L. Ed. 1114 (1949); cf. Bradley v. United States, 143 F.2d 573 (10th Cir. 1944), cert. denied sub nom. Bradley v. Bradley, 323 U.S. 793, 65 S.Ct. 429, 89 L.Ed. 632 (1945).

9. See Benard v. United States, 368 F.2d 897, 901 (8th Cir. 1966), reversing 248 F.Supp. 581 (E.D.Mo.1965).

for that purpose.[10] There is no evidence that the insured thought this form was for the purpose of designating any other benefits, including a beneficiary to National Service Life Insurance.[11] On the contrary, statements made after this form was filled out, which were introduced at the trial by appellee herself, show that he knew he had the insurance and that some act besides what he had already done needed to be performed before his mother would definitely receive the proceeds.[12] Nor is this a case in which the evidence of intent is conclusive, and hence requires only an equivocal act consistent with that intent.[13] The evidence of intent is conflicting, and the completion of the Air Force Form 246–3 in the manner in which it was can hardly be seen as constituting an affirmative act by the insured for the purpose of changing the beneficiary to his National Service Life Insurance policy, when the uncontroverted evidence introduced by appellee shows he knew he had not effectuated whatever intent he had.[14]

■■ Upon the record before us, we hold that the appellee, Caroline S. Gardenhire, has as a matter of law wholly failed to meet the burden resting upon her to prove that the insured took any action whatsoever directed toward effecting a change in beneficiary of his National Service Life Insurance policy.[15]

We hold that Mary L. Baker, the named beneficiary, is entitled to a judgment upon the policy.

The judgment is reversed and this case is remanded with direction to enter judgment on the policy in favor of Mary L. Baker.

Reversed and remanded.

10. Compare Ward v. United States, 371 F. 2d 108 (7th Cir. 1966); Bew v. United States, 286 F.2d 570 (4th Cir. 1961).

11. Compare Behrens v. United States, 299 F.2d 662 (9th Cir. 1962) (Emergency Data Form DD–93, predecessor to A.F. Form 246–3 used here, used *with purpose* to change beneficiary of N.S.L.I. policy); Prose v. Davis, 177 F.2d 478 (7th Cir. 1949) (Same); Phillips v. United States, 238 F.Supp. 59 (S.D.Ala.1965) (Same); with Ferguson v. Knight, 264 F.2d 176 (5th Cir. 1959) (Different beneficiary named in DD Form 93 with no showing of purpose to change); Bradley v. United States, 143 F.2d 573 (10th Cir. 1944) (Same), cert. denied sub nom. Bradley v. Bradley, 323 U.S. 793, 65 S.Ct. 429, 89 L.Ed. 632 (1945).

12. The insured's sister testified, by affidavit, that:
"* * * he said that he [the insured] was going to * * * have Mother put in as beneficiary * * *."
The insured's brother-in-law testified that:
"* * * there was some doubt brought up about it [ie, who was beneficiary of his insurance] so he [the insured] began to investigate the matter.

He saw various people in town, Veterans Administration, and even on his death bed at the hospital why he told me that first thing he was going to do when he get back was go ahead with it and get it straightened out."

13. Compare Hammack v. Hammack, 359 F. 2d 844 (5th Cir. 1966); Hawkins v. Hawkins, 271 F.2d 870 (5th Cir. 1959); Bratcher v. United States, 205 F.2d 953 (8th Cir. 1953).

14. The record in this case reveals a succinct but accurate summary of this case in the following colloquy between counsel for appellee and the trial judge:
"Mr. Cowan:
Now, Your Honor, the whole case hinges on what was the intention of this young man and did he do any act that was an overt act and an affirmative act—
The Court:
—Yes, he didn't change the beneficiary."

15. The burden of showing a change is on the party relying on the change for recovery. Bradley v. United States, 143 F.2d 573 (10th Cir. 1944), cert. denied sub nom. Bradley v. Bradley, 323 U.S. 793, 65 S.Ct. 429, 89 L.Ed. 632 (1945).