Mrs. Eva Prince SMITH, Plaintiff-
Appellee,

v.

UNITED STATES of America,
Defendant-Appellee,

v.

Mrs. Mattie Lou TRULOCK, Third-Party
Defendant-Appellant.

No. 28091
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1970.

A. J. Whitehurst, Whitehurst & Cohen, Thomasville, Ga., for third-party defendant-appellant.

Hilliard P. Burt, Donald D. Rentz, Albany, Ga., for plaintiff-appellee.

Walker P. Johnson, Jr., U. S. Atty., Macon, Ga., for defendant-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

Pursuant to Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

The issue here is whether the wife or the former mother-in-law of a deceased serviceman is entitled to the proceeds of two national service life insurance policies. The jury returned a verdict for the wife, Mrs. Eva Prince Smith. Mrs. Trulock, the former mother-in-law, appeals. We affirm.

Mrs. Trulock contends that the evidence was insufficient to support the verdict and that her motion for directed verdict should have been granted. A related assignment of error involves two exceptions to the jury charge.

There was little dispute at the trial as to the relevant facts involved. The in-

sured, Frank Smith, had purchased two $5,000 policies of National Life Insurance while in the Armed Services during World War II. When originally issued both policies named as principal beneficiary the insured's then wife, Mary G. Smith. In 1947 Frank Smith executed a change of beneficiary form making his then wife, Hazel Trulock Smith, the principal beneficiary. When Hazel Trulock Smith died in 1953, the insured executed a change of beneficiary form in which his mother-in-law, appellant here, was named principal beneficiary and his son, Robert E. Smith, (by Hazel Trulock Smith) was named contingent beneficiary. The son lived with appellant for the next several months. In July of 1954, Frank Smith married Eva Prince Smith with whom he and his son lived until the insured's death in 1965. In fact, the son was still living with Mrs. Smith at the time of the trial in the district court.

No formal change of beneficiary notice was ever executed naming Eva Prince Smith as beneficiary. She argued, however, that she was entitled to the proceeds because the insured manifested such as intent and took the necessary affirmative action to effectuate a change of beneficiary.

The evidence disclosed that shortly after the marriage, Frank Smith and his wife, Eva Prince Smith, agreed to make each other the beneficiaries of their insurance policies. Mrs. Smith carried out this agreement with respect to her own insurance. In August of 1954, Frank Smith went to the air force base near his home and executed a "Record of Emergency Data" form in which he designated his wife as beneficiary for certain servicemen's benefits. Thereafter he represented to his wife and others at various times that his wife had been designated as beneficiary under the insurance policies. While the "Record of Emergency Data" form did not operate as a change of beneficiary for his National Service Life Insurance, there is evidence in the record from which the jury could have found that Frank Smith thought the form had such a purpose and

that this was the basis for his representing that the beneficiary had been changed.

The basic law to be applied in cases of this kind is set forth in Mitchell v. United States, 5 Cir., 1948, 165 F.2d 758, as follows:

"The cases are * * * unanimous that a mere intent to change a beneficiary is not enough. Such an intent must be followed by some affirmative act on the part of the insured evidencing an exercise of the right to change the beneficiary. Where the courts differ is as to the degree of affirmative action necessary to effect a change." 165 F.2d at 760.

Since *Mitchell,* this court has had frequent occasion to pass on such change of beneficiary questions. In those cases where the proof of intent is clear and convincing, the rationale is that a lesser quantum of proof is required to show the affirmative act to carry out the intent to make the change. See Hawkins v. Hawkins, 5 Cir., 1959, 271 F.2d 870. Where evidence of intent is conflicting, the quantum of proof as to the necessary act is greater. See Baker v. United States, 5 Cir., 1967, 386 F.2d 356.

In *Baker,* as in the instant case, the court was concerned with a "Record of Emergency Data" form. There, however, there was no evidence that the insured thought this form was for the purpose of changing a life insurance beneficiary. Moreover, there was evidence that the insured knew he had not done what was necessary to change the beneficiary. Thus in *Baker* there was simply no affirmative act directed toward changing the beneficiary and the evidence regarding the intent to make such a change was conflicting.

Here the evidence as to Frank Smith's intent to make his wife, Eva Prince Smith, the beneficiary of his insurance was clear and convincing. This case is therefore more analogous to *Hawkins, supra.* In such a case, the execution of the "Record of Emergency Data" was an act from which the jury could

**636**

have found that Frank Smith did all that was reasonably necessary to effectuate a change of beneficiary.

A careful examination of the record has led us to the conclusion that there was ample evidence to support the verdict and that the ruling on the motion for directed verdict was correct. The exceptions to the charge are likewise without merit.

Affirmed.