**Lottie B. PHILLIPS, Plaintiff,**

v.

**UNITED STATES of America, Defendant,**

**Wiley PHILLIPS, Third-Party Claimant.**

**Civ. A. No. 4566.**

United States District Court,
S. D. Mississippi,
Jackson Division.

Sept. 9, 1970.

---

S. Smith Bonner, Sullivan, Sullivan & Keyes, Jackson, Miss., for plaintiff.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., O. B. Triplett, Jr., Forest, Miss., for claimant.

WILLIAM HAROLD COX, District Judge.

The plaintiff is the widow of a Vietnam veteran who died in service of the United States in such foreign war on August 2, 1966. The controversy here involves the question as to the identity of the beneficiary of $5,000 of National Service Life Insurance effective on the life of the veteran at his death. The claimant is the father of the deceased veteran. The Board of Veterans Appeals decided in favor of the father, and against the widow, thereby precipitating this suit here under the statute for judicial review.[1] The parties reside within the jurisdiction of this court.

The plaintiff and the claimant stipulated to, and did submit this matter to the court without the intervention of a jury on the record presented to the Board of Veterans Appeals. The plaintiff contended that the question was presented to the court for its decision anew on such record, while the claimant contended that the review was limited to a determination by the court as to whether or not the decision of the administrative agency was supported by substantial evidence. The United States is a mere stakeholder in the resulting suit. It presented to the court a complaint in the nature of an interpleader wherein it requested and caused the court to bring in the claimant as a party in interest in the proceeds of such insurance, and to avoid any possibility of the United States incurring a loss by paying the proceeds of such insurance to a party not the rightful owner thereof.

This suit actually involves the question of the rightful beneficiary to one-half of the proceeds of National Service Life Insurance policy, No. V–16598271, in the face amount of $10,000.

1. 38 U.S.C., 1958 ed., § 784(a).

There was no question but that the plaintiff, as wife of the insured, was entitled to 50% of said amount, which was promptly paid to her, leaving the balance of $5,000 in dispute between the plaintiff and the claimant. The insured married the plaintiff on November 9, 1949. On May 22, 1951, the insured designated his mother as principal beneficiary of 50% of said insurance, his wife as principal beneficiary of 50% of said insurance, and his father as contingent beneficiary of *100%* of said insurance. The insured's mother died on February 15, 1957. On May 28, 1951, the insured executed a form for the settlement of such insurance coverage with his mother and his wife again designated as primary beneficiaries each of 50% of his insurance coverage, and his father designated as contingent beneficiary of *100%* thereof. The government form for change or designation of beneficiary of this insurance, dated May 22, 1951, contains pertinent instructions to the effect that: "Any named beneficiary may be designated in item 6 as *'Principal Beneficiary'* or *'Contingent Beneficiary.'* Any named beneficiary who is not designated as 'Contingent Beneficiary' will, in general, be presumed to be a principal beneficiary. A contingent beneficiary, generally speaking, is a person who becomes principal beneficiary *if the desig-*

*nated principal beneficiary predeceases the insured,* or if the principal beneficiary, not entitled to settlement under Option 1 (lump sum), dies prior to receiving full payment of all guaranteed monthly installments, etc." The uncontradicted testimony in this record with inescapable inferences, conclusively shows that this insured intended and understood that upon the death of his mother that his wife, if then living, would receive the entire proceeds of this policy as prime beneficiary, and that his father would not receive 100% of the policy unless both his mother and his wife predeceased him.[2] It may not be gainsaid that a stated intention to designate, or change a beneficiary would not suffice to obviate the necessity for some overt act in furtherance of such intent. But here this insured designated his mother, and his wife as principal beneficiaries of said insurance, and manifested a clear intent that his father should have all of such insurance (no more, or no less), only in the event both his mother, *and* his wife predeceased him as insured. Webster's Third New International Dictionary (Unabridged) defines contingent beneficiary under a life insurance policy as: "A secondary beneficiary under a life insurance policy whose rights mature if the primary beneficiary predeceases the insured or dies before

---

**2.** It is extremely important and significant that the insured always regarded and treated his wife as a *principal beneficiary.* His mother occupied that status until her death on February 15, 1957. He never said or intended that the father as contingent beneficiary should become a principal beneficiary upon the death of either his mother, or his wife. The contingency related only to the death of both principal beneficiaries in which event the contingent beneficiary was to take everything. The insured never said, or intended aught but that the father, as contingent beneficiary, upon the death of both of them would then displace them as principal beneficiaries, and take 100% of such insurance. The insured sought by this plan primarily to take care of his wife and their child, as dependents, but he thereby made sure that his father got all of the insurance in the event that neither his mother nor his wife were living to take it. If the wife had predeceased the insured, then his mother would have taken all of this insurance, and the father would have got nothing. That is a perfectly rational, and reasonable plan. This veteran loved his parents, and his family, and nothing to the contrary is anywhere indicated. Pity and sympathy for the affliction of the lonely father sheds no legitimate light on this question. This Circuit is committed to the liberal view in recognizing a change in beneficiary under a service policy which was based on a letter from the insured, mailed in combat conditions to his brother, in which the service man said: "I did change my insurance if anyone gets it Mom will get it all." Baker v. United States of America, et al, (5 CA) 386 F.2d 356, 358. Cf: Smith v. United States of America, et al, (5 CA) 421 F.2d 634.

payment of proceeds is completed." The insurer has no interest whatever in the identity of the beneficiary of this insurance. Its rules as to designation, and change of beneficiary are designed and intended merely for its protection and guidance in making a proper settlement. It was the obvious intention, and purpose of this veteran that these closest female dependents should share equally in such insurance during their lives, and that on the death of either of them, that the other would still remain nonetheless the principal beneficiary. The father would remain only a contingent beneficiary, which would entitle him to all, or none of such insurance. Any other construction of such designation of beneficiary form would do violence to its form and intent, and vest a contingent beneficiary arbitrarily and capriciously with a position as primary beneficiary, and thereby substitute the name of the father for that of the deceased mother in said form. The wife and the child of this marriage were dependents of this insured, and he made such wish manifest by designating his wife, and his mother as principal beneficiaries, as distinguished from contingent beneficiaries. There is absolutely nothing in this form for the designation of beneficiary to indicate that upon the death of either the wife, or the mother of the insured that his father would take such interest of the deceased principal beneficiary. On the contrary, the designation of beneficiary clearly provides that the father, as contingent beneficiary, was entitled to all of the proceeds upon the prior death of both principal beneficiaries, or he was entitled to nothing. Any other construction of that government form would simply write something into it which is not to be found within its four corners; and was not subscribed by the insured as bearing his consent, or approval, or expressing his wish, or intent in the connection.[3]

■ This court has full jurisdiction of this suit, and the parties, and the subject matter under 38 U.S.C., 1958 ed., § 784(a). That statute expressly confers jurisdiction upon this court: "To hear and determine all such controversies." There is nothing in the statute itself which seeks to confer finality upon the administrative decision depending upon whether, or not it is supported by substantial evidence. That rule has no application in this case. This court has the full power and authority unaffected by said administrative decision to decide for itself anew as to the identity of the beneficiary of this insurance.

Under all of the facts and circumstances and inescapable inferences, it is the view of this court that the insured

---

3. It is a cardinal principle of insurance law relating to these service life insurance policies that while intention to designate, or change a beneficiary is not alone sufficient to accomplish such purpose, that strict compliance with policy requirements is not absolutely necessary as in the case of conventional policies. Where the facts, circumstances, and inferences convince the trier of fact as to an insured's intention and understanding of that which he has done toward designating a beneficiary, that intention should be given effect. Hammack v. Dolly Hammack, (5 CA) 359 F.2d 844 holds: "The requirements for effecting a change of beneficiary in a policy of this type are not as strict as the more formal ones where conventional life insurance is involved. Proof of an intention to make such change to a certain person and of an affirmative act exercising the right of change meets the requirements. Mitchell v. United States, 5 Cir., 165 F.2d 758, 2 A.L.R.2d 484 (1948); McKewen v. McKewen, 5 Cir., 165 F.2d 761 (1948); Gann v. Meek, 5 Cir., 165 F.2d 857 (1948); Hawkins v. Hawkins, 5 Cir., 271 F.2d 870 (1959); Aguilar v. United States, 9 Cir., 226 F.2d 414 (1955), cert. den. 351 U.S. 955, 76 S.Ct. 852, 100 L.Ed. 1478; United States v. Williams, D.C.W.Va., 145 F.Supp. 308, affirmed, 4 Cir., 243 F.2d 573 (1957)."

Significantly, the insured told five people (*including his brother*) after the death of insured's mother that the wife was the sole beneficiary in this policy. Cf: McKewen v. McKewen, (5 CCA) 165 F.2d 761, cert. denied 334 U.S. 860, 68 S.Ct. 1530, 92 L.Ed. 1780; see copious note on exercise of change of beneficiary in 2 A.L. R.2d 494 et seq.

never intended that his father should *ever* be a primary beneficiary of this insurance. He was made and remains a *contingent* beneficiary. That contingency was that both the wife, and the mother should predecease the insured. Then, and then only was the father to step into the role of a recipient of such insurance funds, and he would receive all of it; otherwise, he would receive none of it. That is what the designation of beneficiary form says. That is exactly what the insured meant that it should say and accomplish as evidenced by his assurance to his wife, and to other members of the family and close friends, that she was to receive all of this $10,000 policy, after his mother died. Significantly, these statements were made to the wife, and to others in her presence after the mother died. It is no disparagement of such fact, or circumstance to say that he thereafter did nothing toward executing a more explicit designation of beneficiary, because it was not necessary. He did not think so, and this court agrees with that view. The fact that the insured could have executed a more explicit designation of beneficiary after his mother died, and that he did not do so, does not support any infirmity in this designation, or justify the conclusion that any further designation of beneficiary was necessary.

This court is of the opinion that the plaintiff is entitled to the entire balance of this insurance in the principal sum of $5,000, without any award of interest, or costs; and that the United States should be ordered to pay said amount to her without delay. The plaintiff's attorney will be entitled to a fee in the amount of $500, to be paid to him out of the proceeds of said policy of insurance.

A judgment accordingly may be presented for entry within five days after this date as required by the rules of this court.