**Winfred J. WARRIOR, Sr., Appellant,**

v.

**Lucille W. WARRIOR et al., Appellees.**

No. 7241.

Court of Civil Appeals of Texas, Beaumont.

May 20, 1971.

Motion for Rehearing Overruled June 10, 1971.

Carter, Callender & Branton, San Antonio, for appellant.

Hattie E. Briscoe, San Antonio, for appellees.

STEPHENSON, Justice.

This is an interpleader suit in which Prudential Insurance Company of America deposited into the registry of the court the proceeds of a serviceman's Group Life Insurance policy insuring the life of Winfred J. Warrior, Jr., deceased. Trial was before the court without a jury, and judgment rendered in favor of the mother, Lucille W. Warrior and sister, Debra L. Warrior, and against the father, Winfred J. Warrior, Sr. By agreement the insurance company was dismissed.

The evidence shows that the deceased was never married and had no children; that his mother and father were divorced in September, 1964. The deceased entered the service first in December, 1966, and re-enlisted December 9, 1968. On that same date, he executed D.A. form 3054 electing to take $10,000.00 in life insurance with his mother and sister each to receive 50 percent, to be paid in a lump sum.

That on January 20, 1969, while in Vietnam, the deceased signed V.A. form 29–8286, after filling in some of the blank spaces. Near the top of this form the following appears:

| `"`      NOTE | 1. | Designation of Beneficiary |
|---|---|---|
| THIS FORM MUST | 2. | Payment of Insurance Proceeds |
| BE USED FOR | 3. | Reduction of Insurance |
|  | 4. | Cancellation of Insurance" |

There is a space for designation of beneficiary which was left blank. The space for election of payment by lump sum was checked. The reverse side of this form reads in part, as follows:

"IMPORTANT—READ CAREFULLY

Do not complete this form unless you wish to change the automatic features of the Servicemen's Group Life Insurance.

The automatic features provide $10,000 life insurance with the payment in a lump sum to your survivor(s) in the following order:

1. Widow or widower; if none, it is payable to

2. Child or children in equal shares with the share of any deceased child distributed among the descendants of the child; if none, it is payable to

3. Parent(s) in equal shares; if none, it is payable to

4. A duly appointed executor or administrator of the insured's estate, and if none to

5. Other next of kin.

If you do not want your insurance paid as provided above and want to change any of the automatic provisions, complete the appropriate block on the face of this form."

"INSTRUCTIONS

GENERAL

1. Make certain you complete only the appropriate item(s).

2. All entries, except the signature, should be typed or printed in ink.

3. Make certain all three copies of this form are completed and signed.

DESIGNATION OF BENEFICIARY

1. No designation or change of beneficiary will be valid unless it is received in writing over your signature, by your Uniformed Service, before your death.

2. Cancellation of a prior Designation of Beneficiary may be effected without naming a new beneficiary by executing a new VA Form 29–8286 and inserting in the space provided for the name of the beneficiary, the words, 'Cancel Prior Designation'. The effect of this will be to have the payment made in accordance with the automatic features above.

3. A change of beneficiary may be made by the insured at any time without the knowledge or consent of the beneficiary, and this right cannot be waived or restricted.

\* \* \*                    "

■ Appellant argues before this court that the effect of the execution of form 29–8286 by the deceased was to cause the automatic features to come into being. That such form cancelled the prior designations of beneficiaries and he was therefore entitled to recover one half of the proceeds of the insurance policy. We disagree.

We have concluded the trial court placed the proper construction upon the papers before it. December 9, 1969, the deceased executed the forms so as to name his mother and sister as beneficiaries. No action had been taken by him to effectively change that designation. The instructions on the reverse side of form 29–8286 (as copied above) clearly state that a prior designation of beneficiaries can be cancelled by writing the words "Cancel Prior Designation" in the proper space. Neither those words, nor any of like import, appear either in the proper space, or anywhere else on the form. It is admitted that no logical reason can be given for the deceased to execute this form 29–8286, and that none of the listed reasons had application. However, the failure to explain his motive, does not in itself, serve to accomplish the results desired by appellant.

■ The law is settled in Texas that an insured may accomplish a change of beneficiaries by substantial compliance with the terms of the policy. One of the terms most frequently used is that justice requires the invocation of equitable rules in order to give effect to a plainly manifest intent. See: Mitchell v. United States, 165 F.2d 758 (5th Circuit, 1948); Smith v. United States, 421 F.2d 634 (5th Circuit, 1970); Gann v. Meek, 165 F.2d, 857 (5th Circuit, 1948); Hallett v. Ponder, 376 S.W.2d 797 (Tex.Civ.App.—Austin, 1964, no writ); Kotch v. Kotch, 151 Tex. 471, 251 S.W.2d 520 (1952). We find nothing in form 29–8286 or elsewhere in the evidence which plainly manifests the intent of the deceased to change the beneficiaries in this insurance policy.

In the case before us, the construction of the papers was a question of law for the trial court to make. The trial court found the deceased neither strictly nor substantially complied with the regulations required for a change of beneficiary, nor did he do all he reasonably could have done to effect a change of beneficiary had he desired so to do. We agree.

Affirmed.