**Gloria Favors LANE, Appellant,**

v.

**Billie C. FAVORS and Provident Life & Accident Insurance Company, Appellees.**

No. 18486.

Court of Appeals of Texas, Fort Worth.

Oct. 15, 1981.

Bird & Bird and Richard D. Bird, Childress, for appellant.

Neely, Mason & Snodgrass and Don Snodgrass, Wichita Falls, for appellees.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

Appellee, Provident Life & Accident Insurance Company (hereinafter referred to as Provident), filed an interpleader (1) naming Gloria Favors Lane, Billie C. Favors, Monica G. Favors, and Mechele L. Favors as party defendants; (2) informing the court that it had issued two group life insurance policies insuring the life of L.D. Favors, deceased; (3) advising the court that all of the defendants except Mechele L. Favors have been designated by the deceased as beneficiaries under said policies; (4) requesting the court's permission to pay into the registry of the court the proceeds of said policies; and (5) requesting the court to determine who is entitled to receive the proceeds under the policies. Settlement of policy G–247 supplemental was effected and distribution ordered prior to trial. After a trial to the court, the trial court held that Billie C. Favors was entitled to receive all of the proceeds from both G–246 and G–247 basic totaling $40,100.00. Gloria Favors Lane appeals.

We affirm the trial court's judgment.

The parties will be referred to as appellant, Gloria Favors Lane, and appellee, Billie C. Favors.

Essentially the facts are undisputed. Provident wrote group policies G–246 and G–247 basic and supplemental for C.E. Nat-co, Inc. (hereinafter Natco). On July 14, 1975, L.D. Favors was employed by Natco in their Electra, Texas, plant in Wichita County. On June 24, 1975 and January 3, 1977, L.D. Favors designated Gloria Favors, appellant, his beneficiary under G–246. On July 14, 1975 L.D. Favors designated Gloria Favors as beneficiary under G–247 basic and Monica G. Favors his beneficiary under G–247 supplemental. On May 19, 1977 L.D. Favors requested at the Natco office in Electra, Texas, change of beneficiary forms for policies G–246 and G–247. Elaine Boatright, bookkeeper and director of personnel for Natco at their Electra plant, assisted L.D. Favors on that same date to fill our the change of beneficiary form for G–246 which the company provided. At that time L.D. Favors designated Billie C. Favors as beneficiary on G–246. Mrs. Boatright testified that she did not have a change of beneficiary form for G–247 at that time and had to request the necessary change of beneficiary form from the company's home office in Tulsa, Oklahoma, where all the Electra plant employee insurance records are sent. She received the form a week later and notified L.D. Favors, who came by on May 25, 1977 and executed the said change of beneficiary form designating Billie C. Favors as his beneficiary.

At the trial level there was no dispute that L.D. Favors intended to change the beneficiary on his policies; however, Gloria Favors Lane argued that L.D. Favors failed to substantially comply with the requirements of Provident because he did not use correct forms. The trial court did not agree, finding that L.D. Favors had substantially complied with the requirements of Provident to effectuate a change of beneficiary.

Appellant, Gloria Favors Lane, assigns 13 points of error.

### Findings of Fact

1.  At the time of his death on August 25, 1979, L.D. Favors, an employee of C.E. Natco Company, was married to Billie C. Favors.

2.  Billie Carolyn Favors executed a Proof of Employee's Death form on Septem-

ber 21, 1979 and supplied that form to C.E. Natco Company and Provident Life & Accident Insurance Company prior to the filing of her cross action in this suit.

3. On May 19, 1977, L.D. Favors designated Billie Carolyn Favors as beneficiary to any benefits due under Group Policy No. 246 issued by Provident Life & Accident Insurance Company, the original Plaintiff herein.

4. On May 25, 1977, L.D. Favors designated Billie Carolyn Favors as beneficiary to any benefits under policy number G–247 issued by Provident Life & Accident Insurance Company, the original plaintiff herein.

5. The designation by L.D. Favors of Billie Carolyn Favors as beneficiary under policy G–246 and policy G–247 was made on forms satisfactory to Provident Life & Accident Insurance Company, said forms being supplied by Provident Life & Accident Insurance Company to C.E. Natco Company, the group policy holder.

6. Other than those exhibits introduced and admitted into evidence at trial, there were no other forms supplied by Provident Life & Accident Insurance Company to the group policy holder, C.E. Natco Company, to effect a designation of new beneficiary on policies G–246 and G–247.

7. Provident Life & Accident Insurance Company gave no notice to C.E. Natco Company or the employees of C.E. Natco Company or to L.D. Favors, that his action of designating Billie Carolyn Favors as beneficiary under policies G–246 and G–247 on May 19, 1977 and May 25, 1977, respectively, was not satisfactory to the Provident Life & Accident Insurance Company.

8. C.E. Natco Company received the request of L.D. Favors to designate Billie Carolyn Favors as beneficiary under policy G–246 on May 19, 1977 and the designation by L.D. Favors of Billie Carolyn Favors as beneficiary under policy G–247 on May 25, 1977.

9. There was no common law marriage relationship between L.D. Favors and Gloria Lane on August 25, 1979.

Conclusions of Law

1. L.D. Favors complied substantially with the requirements of Provident Life & Accident Insurance Company to designate Billie Carolyn Favors as beneficiary under policy G–246 on May 19, 1977 and to designate Billie Carolyn Favors as beneficiary under policy G–247 on May 25, 1977.

2. Billie Carolyn Favors is entitled to receive all of the proceeds, $40,100.00, of policies G–246 and G–246 of Provident Life & Accident Insurance Company, minus the allocation of $1,000.00 for attorneys' fees and $108.00 for court costs incurred by Provident Life & Accident Insurance Company.

Both policy G–246 and G–247 were admitted into evidence. The specific policy language involved, identical in both policies, which establishes the procedures necessary to effect a change of beneficiary for the benefits of these policies reads as follows:

"Beneficiary

Any amount of life insurance payable at the death of an Employee shall be payable to the beneficiary designated in writing by the Employee and filed at the Office of the Group Policyholder on a form satisfactory to the Insurance Company.

If more than one beneficiary is designated and in such designation the Employee has failed to specify their respective interests, the beneficiaries shall share equally...

Any Employee may designate a new beneficiary at any time by filing at the Office of the Group Policyholder a written request for such change satisfactory to the Insurance Company. Upon receipt of such request at the Office of the Group Policyholder the change will become effective as of the date the request was signed, but the liability of the Insurance Company will be discharged to the extent

of any payment made prior to receipt of such request.

The right to change the beneficiary is reserved to the Employee, and the consent of the beneficiary or beneficiaries shall not be requisite to any change in beneficiary."

Appellant challenges the sufficiency of the evidence to support the trial court's findings that L.D. Favors designated Billie C. Favors as beneficiary under policies G–246 and G–247 on forms satisfactory to Provident, that Provident supplied no other forms to Natco to effect a change of beneficiary; that Provident gave no notice to Natco that L.D. Favors' action of designating Billie C. Favors as beneficiary was unsatisfactory and that Natco received L.D. Favors' change of beneficiary request; and the trial court's conclusions that L.D. Favors substantially complied with the requirements of the policy to designate Billie C. Favors as beneficiary under policies G–246 and G–247 and that Billie C. Favors is entitled to all the proceeds of both policies. Appellant asserts that there is no evidence or insufficient evidence to support the trial court's findings and conclusions are against the great weight and preponderance of the evidence.

■ In addressing the "no evidence" points, we must look only to the evidence which supports the trial court's findings and conclusions and disregard all evidence to the contrary. In reviewing appellant's "insufficient evidence" or "great weight" points of error, we must consider and weigh all the evidence in the record and set aside the verdict if it is so against the great weight and preponderance of the evidence as to be manifestly unjust or if the evidence is factually insufficient to support a finding of a vital fact. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361 (1960). We will therefore examine the record with these standards in mind.

The parties agree that substantial compliance with the provisions of the insurance policies is the standard by which L.D. Favors' actions are to be measured.

■ The Supreme Court of Texas has defined "substantial compliance" as meaning that an insured has to do all that he could reasonably have done to effect the change. *Tips v. Security Life & Accident Company*, 144 Tex. 461, 191 S.W.2d 470, 471 (1945). It is compliance with the actual policy language which determines whether substantial compliance has been accomplished on the part of the insured. *Hallett v. Ponder*, 376 S.W.2d 797 (Tex.Civ.App.—Austin 1964, no writ).

■ Appellant cites *Hallett v. Ponder, supra*, for the proposition that the intention of an insured is not important if he has not substantially complied with or has done all that he could reasonably have done to comply with the provisions of the insurance policy. She cites *Scherer v. Wahlstrom*, 318 S.W.2d 456 (Tex.Civ.App.—Fort Worth 1958, writ ref'd), for the proposition that while the insurer may waive compliance with regulations intended for its benefit respecting change of beneficiary, the beneficiary named has the right, by virtue of the contract, to require that the change be made substantially in accordance with the manner provided in the policy. Appellant contends that L.D. Favors did not substantially comply with the policy requirements for designating a new beneficiary in that he failed to use the correct forms to effect a change of beneficiary. The evidence does not support appellant's contention.

Looking to the language of the policy and the evidence presented, we find that there is sufficient evidence to support the trial court's Findings of Fact and Conclusions of Law and judgment.

The language of the insurance policies in question requires only that an employee wishing to make a change of beneficiary file a written request for such change at the office of the Group Policyholder, in this case Natco's office in Electra, Texas, on a form satisfactory to the insurance company to be effective immediately. Nothing more is required.

The evidence is clear and overwhelming that L.D. Favors substantially complied

with these policy requirements. Elaine Boatright, director of personnel at Natco in Electra, Texas, testified that she is charged with the responsibility of assisting Natco employees to make changes regarding insurance policies and that L.D. Favors came to the office and requested to make a change of beneficiary on policies G–246 and G–247 and that she assisted him in filling out the forms which he signed in her presence and left with her. She testified that she followed the normal procedures in helping L.D. Favors make a change of beneficiary. Mrs. Boatright testified that Provident had never sent any other forms to be used other than the type executed by L.D. Favors. At no time does the record show that Provident objected to or had any complaint about the type of form used by Natco to assist their employees in changing beneficiaries on policies G–246 and G–247. In addition, Mike Spurgers, attorney of record for Provident, testified that he had familiarized himself with the procedures used by Provident in handling beneficiary claims on life insurance policies administered and issued and that he knows of no other forms which Provident required to be filled out other than the ones which L.D. Favors signed. When L.D. Favors signed the change of beneficiary forms provided him by Elaine Boatright on May 19, 1977 and May 25, 1977 on which he named Billie C. Favors his new beneficiary under policies G–246 and G–247, respectively, and left them with Elaine Boatright who was in charge of handling such matters at the Natco office, the group policyholder, he had done all that was required of him under the policies. Under the terms of the policy, the change became effective on the date L.D. Favors signed the forms and left them at the Natco office.

We conclude that there is sufficient evidence in the record to support the trial court's findings of fact and conclusions of law and judgment. We overrule each of appellants points of error including her no evidence and insufficient evidence points of error.

We affirm.